Edward T. HULSON and Walter A. Christensen, Plaintiffs-Appellants,

v.

THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Defendant-Appellee.

No. 13186.

United States Court of Appeals
Seventh Circuit.

April 24, 1961.

Rehearing Denied June 2, 1961.

Robert A. Sprecher, Len Young Smith, William Patterson, Patterson & Franks, Chicago, Ill., for appellants.

Gus Svolos, Floyd Stuppi, William J. O'Brien, Jr., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This is an action for damages alleged to have resulted from personal injuries

sustained in an accident on December 22, 1957.

Edward T. Hulson and Walter A. Christensen (plaintiffs) were employed by the United States Post Office as postal transportation clerks. On December 22, 1957, together with other clerks, they began their work at 9:10 o'clock a. m. inside a railroad car, half of which was constructed and designed as a railway post office, while such car was standing on a track at the Kansas City, Missouri terminal. This car was moved from that location and coupled with other cars of The Atchison, Topeka and Santa Fe Railway Company (defendant) as a part of defendant's train No. 12. About noon that day while defendant was engaged in a switching operation wherein certain cars of this train were being moved, plaintiffs were injured as a result of being thrown against various parts of the inside of the car in which they were working.

Plaintiffs commenced this action by filing a complaint against defendant in the Circuit Court of Cook County, Illinois. They charged that their injuries resulted from negligent operation of the engine and cars by defendant. Defendant removed the cause to the United States District Court for the Northern District of Illinois, Eastern Division, on diversity grounds.

Defendant answered denying generally the allegations in the complaint. The cause was set for trial on the sole issue of liability. The trial was heard by a jury on June 6–7, 1960 with the Honorable John F. Kilkenny, District Judge, presiding.

On June 7, 1960, after the close of all the evidence, plaintiffs moved for a directed verdict. The motion was denied at that time.

On June 7, 1960, the jury returned a verdict finding defendant "not guilty" as to both plaintiffs. On the same day judgment was entered on the verdict against plaintiffs and favorable to defendant.

On June 16, 1960, plaintiffs served on defendant and filed with the clerk of the district court a written notice that they would appear before the trial court on June 17, 1960 and present a motion (copy of which was attached) praying that the plaintiffs be "granted a reasonable time *to amend their motion for a new trial* by making specific objections to specific instructions." (Emphasis added.) An affidavit was attached to the motion by plaintiffs' counsel in which counsel stated that he had been diligent in his efforts to secure a transcript of the jury instructions and that it would be impossible to set out the specific instructions to which he objected and to state the objections thereto "unless the Court sees fit to permit him to amend his Motion for a new trial within a reasonable time." At that time no motion for a new trial had been filed by plaintiffs.

On June 17, 1960, counsel for all parties were present in court, and plaintiffs' attorney orally moved the court for an order extending the time in which to file plaintiffs' motion for a new trial. Plaintiffs' counsel stated that defendant's counsel had no objection to the motion. At that time the following colloquy took place between the court and counsel in open court:

\* \* \* \* \* \*

"The Court: \* \* \* Would you be available later this afternoon?

"Mr. Patterson [plaintiffs' attorney]: Yes, Your Honor, but counsel has no objection. I am merely asking for an extension of time in which to file my motion for a New Trial.

"The Court: All right, if that is all you are asking, why the motion is granted.

"Mr. Patterson: You will extend the time for what period, your Honor?

\* \* \* \* \* \*

"Mr. Svolos [defendant's attorney]: There is only one thing I would like to point out to the Court;

I will be gone for the next two months. I will be out on the West Coast. It would be impossible for me to argue this orally this summer."

On the same day the court entered the following order:

"On motion of plaintiffs, time to file motion for judgment notwithstanding the verdict or, in the alternative, for a new trial extended for a period of ten days, briefs to follow."

On June 27, 1960, for the first time, plaintiffs filed their motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. The motion set out eight grounds for entry of a judgment n. o. v. and twenty-four grounds for granting a new trial. Attached to the motion was an affidavit by plaintiffs' counsel stating in substance that at no time prior to the introduction of evidence had defendant disclosed a theory of defense based on the acts of independent contractors. On July 1, 1960, plaintiffs filed their brief in support of their motion. On July 8, 1960, defendant filed affidavits in opposition to plaintiffs' affidavit and on July 15, 1960 filed its written brief and argument in opposition to plaintiffs' motion.

On July 15, 1960, defendant filed its written motion to strike plaintiffs' motion for judgment n. o. v., or in the alternative, for a new trial. The ground for this motion to strike was that plaintiffs' motion was not filed within the time and limits prescribed by Rule 50(b) and Rule 59(b), (d) and (e) of the Federal Rules of Civil Procedure, 28 U.S. C.A.[1] It was further stated that the trial court was prohibited from enlarging the time in which to file such motion by the provisions of Rule 6(b). Briefs were filed by both parties.

On August 23, 1960, plaintiffs filed their motion for relief under Rule 60(b). Following briefs addressed to this latter motion, on September 7, 1960, the trial court entered an order granting defendant's motion to strike plaintiffs' motion for judgment n. o. v., or in the alternative, for a new trial; and such motion was stricken. In a memorandum opinion filed on September 13, 1960 the trial court held that it could not grant relief to plaintiffs under Rule 60(b).

Plaintiffs filed their notice of appeal on October 4, 1960 stating that they were appealing from:

"1. The judgment on the verdict finding the defendant not guilty, entered in this action on June 7, 1960;

"2. The order denying the plaintiffs' motion for a directed verdict at the close of all of the evidence, entered in this action on June 7, 1960;

"3. The order extending for a period of 10 days the time to file a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial, entered in this action on June 17, 1960;

"4. The order allowing the defendant's motion to strike the motion of the plaintiffs for judgment notwithstanding the verdict or in the alternative for a new trial, and striking the plaintiffs' said motion, entered in this action on September 7, 1960."

Defendant moved in this court "to dismiss paragraphs 1, 2 and 3 of the [above] notice of appeal," and we ordered the motion continued without prejudice and to be taken with the case on its merits as to the above paragraph 4.

We shall first consider defendant's motion to dismiss this appeal as to paragraphs 1, 2 and 3 in the notice of appeal.

As applied to this case, under Rule 73(a) plaintiffs were permitted to take an appeal within "30 days from the entry of the judgment appealed from." The jury verdict was received and judgment entered thereon finding defendant not

---

1. References to Rules herein are to the Federal Rules of Civil Procedure, Title 28, U.S.C.A.

guilty on June 7, 1960. The notice of appeal was filed on October 4, 1960.

Under Rule 50(b) plaintiffs were required to move for motion for judgment n. o. v. "[w]ithin 10 days after the reception of a verdict, * * *." Plaintiffs' said motion was not filed until June 27, 1960, or 20 days thereafter.

Under Rule 59(b) "[a] motion for a new trial shall be served not later than 10 days after the entry of the judgment"; under subsection (d) the trial court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party "[n]ot later than 10 days after entry of judgment"; and under subsection (e) "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Judgment was entered on June 7, 1960, and plaintiffs' motion in question was not served until June 27, 1960.

Under Rule 6(b) the trial court "may not extend the time for taking any action under rules * * * 50(b), * * * 59(b), (d) and (e), 60(b), and 73(a) and (g), except to the extent and under the conditions stated in them."

■ Thus, it is quite clear that plaintiffs' motion for judgment n. o. v. was not made within 10 days after the reception of the verdict and is not within the limitation imposed by Rule 50(b). Under such circumstances "the rule forbids the trial judge or an appellate court to enter such a judgment." Johnson v. New York, N. H. & H. R. Co., 1952, 344 U.S. 48, 50, 73 S.Ct. 125, 127, 97 L.Ed. 77; Fountain v. Filson, 1949, 336 U.S. 681, 683, 69 S.Ct. 754, 93 L.Ed. 971; Globe Liquor Co. v. San Roman, 1948, 332 U.S. 571, 574, 68 S.Ct. 246, 92 L.Ed. 177; Cone v. West Virginia Paper Co., 1947, 330 U.S. 212, 217–218, 67 S.Ct. 752, 91 L.Ed. 849; Mickey v. Tremco Manufacturing Company, 7 Cir., 1955, 226 F. 2d 956, 957.

■ Further, Rule 59(b), (d) and (e) prohibits a trial court from granting a motion for a new trial made after the expiration of 10 days after entry of judgment. "The trial court did not have jurisdiction to hear and pass on reasons for a new trial which were not assigned and served on the defendants within ten days after the entry of the judgment." Fine v. Paramount Pictures, 7 Cir., 1950, 181 F.2d 300, 303; Steward v. Atlantic Refining Company, 3 Cir., 1956, 235 F.2d 570, 572. If the motion for new trial is untimely, the trial court has no choice but to deny the motion; and *the tardy motion will not toll the time for taking an appeal.* 6 Moore's Federal Practice, pp. 3851–52 (2d ed.).

■ The 10 day limit for filing a motion for new trial fixed in Rule 59(b) cannot be enlarged under Rule 6(b), except as provided in subsection (c) of Rule 59, and such exception has no application to the situation before us here. Leishman v. Associated Electric Co., 1943, 318 U.S. 203, 206, 63 S.Ct. 543, 87 L.Ed. 714, note 4; Safeway Stores v. Coe, 1943, 78 U.S.App.D.C. 19, 136 F.2d 771, 775, 148 A.L.R. 782. 6 Moore's Federal Practice, p. 3846, note 26 (2d ed.)

■ In order to avoid the application of the foregoing rules, plaintiffs urge this court to treat the motion for extension "to amend their motion for a new trial," served on June 16, 1960, as a motion for a new trial. The trial court did not err in rejecting this contention. Plaintiffs' motion "cannot be measured by its unexpressed intention or wants." It "should be treated as nothing but what it actually was," one to amend a motion for a new trial which was not on file and was never timely filed. Johnson v. New York, N. H. & H. R. Co., supra, 344 U.S. at page 51, 73 S.Ct. at page 127; John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., D.C.M.D.Pa.1956, 19 F.R. D. 379, 381, and cases cited therein, affirmed 3 Cir., 1956, 239 F.2d 815.

In light of the foregoing, we hold that defendant's motion to dismiss this appeal as to paragraphs 1, 2 and 3 of the notice of appeal must be sustained for lack of jurisdiction, pursuant to Rules 73(a) and 6(b).

The question raised in paragraph 4 of the notice of appeal and the denial of

relief under Rule 60(b) is properly before us. This concerns the appeal from the order of the district court entered on September 7, 1960 allowing defendant's motion to strike the motion of plaintiffs for judgment n. o. v., or in the alternative, for a new trial, and striking such motion.

■ Plaintiffs point to the fact that defendant's counsel agreed to the extension of time for filing their motion for judgment n. o. v., or in the alternative, for a new trial and thereby, in effect, waived plaintiffs' failure to comply with the rules. However, it is quite clear that counsel cannot waive the strict requirements of the rules. Slater v. Peyser, 1952, 91 U.S.App.D.C. 314, 200 F.2d 360, 361; John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., supra, 19 F.R.D. at pages 381–382, and cases cited therein; 6 Moore's Federal Practice, p. 3847, note 28 (2d ed.).

■ Plaintiffs candidly admit that they were mistaken in understanding the requirements of the rules, but urge that counsel for all parties and the trial court in good faith believed at the time that granting the extension of time was proper and permissible under the rules. Ignorance of the rules resulting in an agreement for an unauthorized extension of time cannot serve to furnish grounds for relief under Rule 60(b), under the facts before us in this appeal.

Plaintiffs rely heavily on the following statement made by the district court in its memorandum opinion:

"It is with a great deal of reluctance that I arrive at the conclusion that defendant's motion to strike must be allowed. There is considerable merit in plaintiffs' motion for a new trial and if the Court had jurisdiction, I would set aside the verdict and the judgment entered thereon, and allow the plaintiffs a new trial on the ground that the verdict was against the overwhelming weight of the evidence and that it would be necessary to set aside the judgment in order to prevent a mis-

carriage of justice. Altrichter v. Shell Oil Co., 8 Cir., 1959, 263 F.2d 377."

We can only conclude that this dictum on the part of the trial court serves to emphasize its conviction that it was powerless to grant the relief requested by plaintiffs.

■ We think the statement made by Judge Maris in John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., 3 Cir., 1956, 239 F.2d 815, 817–818, is dispositive of the issue raised under Rule 60(b):

"For as we have seen the defendant moved for the application of Rule 60(b), clauses (1) and (6), to its motion for a new trial. Conceding that under appropriate circumstances the district court may entertain under Rule 60(b) a motion for a new trial which is untimely under Rule 59(b) it is perfectly plain that it may do so only if a showing is made which complies with the requirements of that rule, clause (1) of which requires a showing of 'mistake, inadvertence, surprise, or excusable neglect' and clause (6) a showing of 'any other reason justifying relief from the operation of the judgment.' As we pointed out in Federal Deposit Insurance Corp. v. Alker, 3 Cir., 1956, 234 F.2d 113, 117, Rule 60(b) provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances. Here, however, as the district court has pointed out in its opinion, the defendant's motion for the application of Rule 60(b) contained no allegations whatever which would support the granting of relief under that rule.

"Since the motion for a new trial was untimely served under Rule 59 (b) and no showing was made of exceptional circumstances calling for extraordinary relief under Rule 60 (b) the district court did not err in striking the motion."

We hold the trial court did not err in striking plaintiffs' motion for judgment

n. o. v., or in the alternative, for a new trial, and in denying plaintiffs relief under Rule 60(b).

It is ordered that this appeal be and it is hereby dismissed as to the issues raised in paragraphs 1, 2 and 3 in the notice of appeal. The order of the district court striking plaintiffs' motion for judgment notwithstanding the verdict, or in the alternative, for a new trial and the denial of relief to plaintiffs under Rule 60(b) are affirmed.

Appeal dismissed in part and affirmed in part.