Margaret NUGENT, Plaintiff-Appellant,

v.

YELLOW CAB COMPANY, Defendant-Appellee.

No. 13329.

United States Court of Appeals Seventh Circuit.

Nov. 8, 1961.

Peter Fitzpatrick, Thomas P. Sullivan, Albert E. Jenner, Jr., Chicago, Ill., for plaintiff-appellant, Margaret Nugent, Thompson, Raymond, Mayer, Jenner & Bloomstein, Chicago, Ill., of counsel.

Charles D. Snewind, Albert M. Howard, Chicago, Ill., for defendant-appellee, Yellow Cab Co.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This is a diversity action brought by plaintiff Margaret Nugent (appellant) to recover damages for injuries sustained by her on March 19, 1958 while she was riding as a passenger in a taxicab owned and operated by defendant Yellow Cab Company (appellee).

Following a trial by jury, a verdict was returned finding the issues in favor of plaintiff and assessing her damages at $12,500. Judgment on the verdict was entered April 21, 1960.

On April 28, 1960, plaintiff moved the trial court to extend the time for the filing of a motion for new trial to May 31, 1960. One of defendant's attorneys was present in court and stated that he had no objection to plaintiff's request and the motion was granted.

On May 31, 1960, plaintiff filed a second motion for an extension of time to file her motion for new trial and the motion was granted, without objection.

On June 14, 1960 and July 14, 1960, plaintiff's third and fourth motions for similar extensions of time to file her motion for a new trial were granted, without objection. The latter extension was to and including September 20, 1960.

The reason assigned for each of the four extensions of time was that the official court reporter had not yet prepared the trial transcript.

On September 20, 1960, plaintiff filed her fifth motion for an extension of time for the filing of a motion for new trial to which defendant objected in open court. Thereupon, on the same date and within the time previously allowed by the trial court, plaintiff filed her post-trial motions for judgment notwithstanding the verdict and for a new trial.

Thereafter, defendant moved to strike plaintiff's post-trial motions on the ground that they were not filed within 10 days after the verdict was received and judgment entered thereon as required by Rules 50(b) [1] and 59(b), (d) and (e) [2] of the Federal Rules of Civil Procedure, 28 U.S.C.A., and on the further ground that the trial court was without authority to extend the time for taking action under Rule 59(b) because of the prohibition set out in Rule 6(b). [3]

Plaintiff then filed her answer to defendant's motion to strike her post-trial motions and an alternative petition for relief under Rule 60(b). [4]

[1] Rule 50(b). " * * * Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; * * * A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. * * * "

[2] Rule 59(b). "A motion for a new trial shall be served not later than 10 days after the entry of the judgment."
Rule 59(d). "Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."
Rule 59(e). "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

[3] Rule 6(b). "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at · or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged * * * or (2) * * * permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules * * * 50(b), * * * 59(b), (d) and (e), * * * except to the extent and under the conditions stated in them."

[4] Rule 60(b). "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, in-

The ground asserted by plaintiff in her alternative petition for relief under Rule 60(b) was that:

"3. *Plaintiff's counsel*, through mistake or inadvertence, *overlooked and were not aware of that portion of Rule 6* of the Federal Rules of Civil Procedure which provides that the Court may not extend the time for taking any action under Rule 59 (b) except to the extent and under the conditions stated in that Rule. \* \* \*" (Emphasis added.)

The trial court held that it was without authority to rule on plaintiff's post-trial motions because they were not filed within the 10 days required by Rules 50 (b) and 59(b), (d) and (e), and granted defendant's motion to strike. Subsequently, the trial court denied plaintiff's alternative petition for relief under Rule 60(b).

No ruling was made on the merits of plaintiff's motion for a new trial which complains of the inadequacy of the award of damages.

Plaintiff has appealed from the judgment entered on the jury verdict, from the order striking her motion for a new trial and from the order denying her alternative petition for relief under Rule 60(b).

Plaintiff's counsel, with commendable candor, concede that our recent holding in Hulson v. Atchison, T. & S. F. Ry. Co., 7 Cir., 1961, 289 F.2d 726, certiorari denied, October 9, 1961, 82 S.Ct. 61, is dispositive of this appeal. They contend, however, that our holding in Hulson is incorrect and argue for a reversal of it.

 On the facts, the procedural situation in Hulson is almost identical with the case at bar. There we considered at some length the rules under scrutiny here and the authorities bearing upon them. In Hulson, we expressly held:

(1) That Rule 50(b) forbids the entry of a judgment n. o. v. on a mo-

tion not filed within 10 days after reception of the verdict.

(2) That Rule 59(b), (d) and (e) prohibits a trial court from granting a motion for a new trial made after the expiration of 10 days after entry of judgment.

(3) That, with certain exceptions having no application there, the 10 day period for filing a motion for new trial under Rule 59(b) cannot be enlarged by the trial court under Rule 6(b).

(4) That opposing counsel cannot waive the strict requirements of the rules fixing the time for filing post-trial motions by agreeing to such extensions of time.

(5) That, under the facts before us, ignorance of the rules resulting in an agreement for an unauthorized extension of time for filing post-trial motions does not furnish grounds for relief under Rule 60 (b).

We have given careful consideration to plaintiff's contentions but feel compelled to adhere to our holding in Hulson, supra, for the reasons and under the authorities therein set out. These need not be restated here. They require an affirmance of the case now before us.

If the rules applicable to the case at bar are too strict or bring about an undesirably harsh result, they should be revised or amended as provided by law and not through the judicial process. We express no opinion here on the desirability of such changes. However, we do point out that the Federal Rules of Civil Procedure are now under study by appropriate committees, and counsel have an opportunity to present their views to such study groups.

The judgment and orders of the district court appealed from are

Affirmed.

---

advertence, surprise, or excusable neglect; \* \* \* or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a

reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. \* \* \*"