Frederick Willard THOMPSON,
Petitioner-Appellant,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent-
Appellee.

No. 14054.

United States Court of Appeals
Seventh Circuit.

June 20, 1963.

Marshall Patner, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Powers Crowley, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, DUFFY, Circuit Judge, and PLATT, District Judge.

PLATT, District Judge.

This is an appeal from an order of the District Court denying appellant's petition for naturalization. The cause

was heard de novo in open court on the appellant's petition for naturalization as provided by Title 8 U.S.C.A. § 1447. Appellant presented two witnesses who testified as to his qualifications to become a citizen. The Government cross-examined these witnesses and offered certain documents which were admitted in evidence. The case was taken under advisement by the District Court.

On April 18, 1962, the District Court entered its findings of fact, conclusions of law, and order denying the petition for naturalization. Twelve days later, April 30, 1962, the appellant served a notice on the Immigration and Naturalization Service that he would appear in the District Court before the trial judge on May 2, 1962, and present a motion. This motion was in part as follows:

> "Now comes the petitioner, Frederick Willard Thompson, by his attorney, Marshall Patner, and moves the court to amend certain findings of fact pursuant to Rule 52 F.R.C.P. and for a new trial pursuant to Rule 59 F.R.C.P."

Then follows a request for amendment of certain findings of fact and the striking of certain findings of fact entered by the District Court. The motion concluded:

> "THEREFORE, the specific Findings of Fact in paragraphs 4 through 11 should be stricken and the Conclusions of Law should be amended so as to allow the petition for naturalization.
>
> "The Court should therefore amend the Findings of Fact and Conclusions of Law and grant the petition or in the alternative, grant a new trial."

This motion was filed on May 2, 1962 and was heard on briefs. October 16, 1962, the Court denied the appellant's motion. The appellant filed a second motion October 26, 1962, to vacate the order of October 16, 1962, which was denied by the Court on that date. December 6, 1962, the appellant filed his notice of appeal.

The Government has filed a motion to dismiss the appeal because it was not timely. This motion must be determined before we reach the merits of the appeal.

■ Petitioner's motion taken in its most favorable light to accomplish its aim must be considered as a motion to amend findings of fact, conclusions of law, and the entry of a final order allowing the appellant to be naturalized, pursuant to Rules 52(b) and 59(e) of Federal Rules of Civil Procedure, or in the alternative for a new trial under Rule 59(e). Rule 52(b) provides in part:

> "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly."

Rule 59(b) and (e) provide in part:

> "(b) Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of the judgment. * * *"
>
> "(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

The appellant's motion was not filed within 10 days of the entry of the final order of the District Court as required by these rules.

■ A proceeding for naturalization is a judicial proceeding and the order of the District Court denying a petition for naturalization is a final order the same as any other judgment of a court of record, and is appealable to the Circuit Court of Appeals. Tutun v. United States, 1926, 270 U.S. 568, 46 S.Ct. 425, 70 L.Ed. 738.

■ Appellant's notice of appeal failed to comply with Rule 73(a) of Federal Rules of Civil Procedure. Rule 73(a) provided in part:

> "(a) When and How Taken. When an appeal is permitted by law from a district court to a court of appeals the time within which an

appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, except that in any action in which the United States * * * or agency thereof is a party the time as to all parties shall be 60 days from such entry * * *. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: * * * or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59."

Appellant's notice of appeal was filed December 6, 1961, which was more than sixty days from the entry of the final order by the District Court. Appellant did not file his motion within ten (10) days of the entry of the judgment in accordance with Rules 52(b) and 59(b) and (e), and therefore the running of time for appeal was not terminated by a timely motion. Rule 6(b) of Federal Rules of Civil Procedure does not permit the extension of time under Rules 52(b), 59(b) and (e), and 73(a). Since the appellant's notice of appeal was not filed within the time required by Rule 73(a), this Court does not have jurisdiction to hear the appeal on its merits. Cf. Howard v. Local 74, Etc., 7 Cir., 1953, 208 F.2d 930; Fine v. Paramount Pictures, 7 Cir., 1950, 181 F.2d 300; Hulson v. Atchison, T. & S. F. Ry. Co., 7 Cir., 1961, 289 F.2d 726; Schlink v. Chesapeake & Ohio Railway Co., 6 Cir., 1960, 276 F.2d 116.

■ The appellant maintains that a petition for naturalization is "sui generis," (peculiar, and only one of its kind) and that Federal Rules of Civil Procedure are not applicable, citing Moore, 2 Ed., Vol. 7, Federal Practice, ¶ 81.05(a), page 4436. Appellant neglects to state from this paragraph the following:

> "Rule 81(a) (2) makes the Rules applicable to appeals. Where a proceeding is had in open court the Rules are applicable insofar as the procedure is not supplied by statute. * * *
>
> "The district court has the power to grant a new trial or alter or amend the judgment pursuant to Rule 59, or grant relief from the judgment in accordance with Rule 60(b)."

Rule 60(b) applies only where there is inadvertence, newly discovered evidence or fraud, and is not applicable in the instant case. We have been unable to find any statute in Title 8 U.S.C.A., nor have we been cited any statute which avoids the application of Federal Rules of Civil Procedure. This Court has held that Rule 52(b) requiring the district court to make findings of fact and conclusions of law is applicable to naturalization proceedings. Application of Murra, 7 Cir., 1948, 166 F.2d 605. Rule 73 providing for appeal is equally applicable. See Petitions of Rudder, 2 Cir., 1947, 159 F.2d 695.

■ Appellant further contends that Regulation 8 C.F.R. 334.16 provides an exception to the operation of Federal Rules of Civil Procedure in naturalization proceedings and refers to Rule 15 of Federal Rules of Civil Procedure, which does not fix any limit on the time within which his motion should have been filed. This Regulation provides in part:

> "(b) After final action on petition or application. Whenever an application is made to the court to amend a petition or application for naturalization after final action thereon has been taken by the court a copy of the application shall be served upon the district director having administrative jurisdiction

over the territory in which the court is located, in the manner and within the time provided by the rules of court in which application is made."

Obviously, this Regulation is no answer to appellant's predicament in not filing a timely motion and notice of appeal. Even if we assume this Regulation refers to Rule 15 this does not aid the appellant. His motion did not seek to amend his petition for naturalization. Without favorable findings of fact, conclusions of law, and final order, or a new trial, the amendment of appellant's petition for naturalization would be futile.

Petitioner lastly contends that Foman v. Davis, 1962, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222, illustrates that his motion and appeal were timely. The facts in that case were entirely different from the instant case. The District Court on December 19, 1960 dismissed the plaintiff's complaint for failure to state a claim upon which relief could be granted. December 20, 1960, the plaintiff filed motions to vacate the judgment and amend the complaint. January 17, 1961, the notice of appeal from the judgment of December 19, 1960 was filed. January 23, 1961, the District Court denied the petitioner's motion to vacate the judgment and to amend the complaint, and on January 26, 1961, the petitioner filed a second notice of appeal from the denial of these motions. The Court of Appeals held the first notice of appeal was premature in view of the pending motion to vacate and that the second notice of appeal was ineffective to review the judgment of December 19, 1960. The Supreme Court reversed the Court of Appeals and held that the two notices of appeal were sufficient to review the judgment of December 19, 1960, as well as the orders of January 23, 1961, although the second notice of appeal was ineptly drawn. 371 U.S. at page 182, 83 S.Ct. at page 230 the Supreme Court went into the merits of the appeal and said "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." The Supreme Court then held that the appellant was entitled to amend his complaint in accordance with Rule 15(a) of Federal Rules of Civil Procedure. In the instant case the notice of appeal was not timely filed, as were the notices of appeal in Foman, and this Court has no jurisdiction to determine this appeal on the merits. Furthermore, in the instant case the sufficiency of appellant's petition for naturalization was never involved, and Rule 15(a) is not applicable. Foman is simply not in point here.

This Court does not have jurisdiction of the appeal, and for the reasons stated the appeal must be dismissed.

Appeal dismissed.