Pamela Sue Rulo SADOWSKI,
Plaintiff-Appellee,

v.

BOMBARDIER LIMITED,
Defendant-Appellant.

No. 75–1980.

United States Court of Appeals,
Seventh Circuit.

Dec. 16, 1975.

John J. Albert, Racine, Wis., for defendant-appellant.

Clifford C. Kasdorf, James R. Gass, Russell M. Ware, Milwaukee, Wis., for plaintiff-appellee.

Before PELL, STEVENS and SPRECHER, Circuit Judges.

PER CURIAM.

This matter comes before the Court on plaintiff-appellee's "Motion To Dismiss" this appeal for the reason that defendant-appellant's notice of appeal was untimely filed. Defendant has responded to this motion by filing an affidavit, supplemental affidavit, and brief opposing

dismissal of this action. For the reasons set forth below, we deny the motion to dismiss.[1]

The above entitled action was brought by plaintiff in the United States District Court, Eastern District of Wisconsin, to recover for personal injuries allegedly sustained as a result of the improper design and manufacture of a snow mobile manufactured by the defendant. Jurisdiction was based on 28 U.S.C. § 1332.

On May 15, 1975, following a four day trial, a jury verdict was rendered in favor of plaintiff in the amount of $100,-000.00. Judgment was entered the same date. Eight days later, on May 23, 1975, defendant personally served plaintiff's attorneys with a number of post-trial motions and affidavits, including a motion for new trial pursuant to Fed.R. Civ.P. 59(a). These motions were not filed with the district court, however, until June 2, 1972, eighteen days after entry of the judgment. In responding to these motions, plaintiff did not question the timeliness of motions.

On August 13, 1975, the district court entered an order and decision denying defendant's post-trial motions. With respect to the Rule 59 motion for a new trial, the court found the motion to be untimely, stating:

Under Rule 59(b), a motion for a new trial must be made not later than ten days after entry of the judgment, and this period is not subject to expansion under Rule 6(b) . . . Since defendant's motion for a new trial was not timely filed, it is denied, but it would have been denied even if it had been timely filed.

On September 11, 1975, defendant filed a notice of appeal from both the final judgment of May 15, 1975 and the district court's order of August 13, 1975.

The basis for plaintiff's motion to dismiss is that defendant's notice of appeal was not filed within 30 days from date of judgment as required by Fed.R.App.P. 4(a).[2] Rule 4(a) states that:

The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to the Federal Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules . . . (4) denying a motion for a new trial under Rule 59.

The question before us, then, is whether defendant's motion for a new trial was a "timely motion" such that its filing had the effect of tolling the time for appeal until the district court entered an order denying the motion.

■ In order to resolve this question, we look to the language of Fed.R.Civ.P. 59(b) which provides that a motion for a new trial must be "served not later than 10 days after the entry of the judgment." Plaintiff does not deny that he was served with defendant's motion for a new trial on May 23, 1975, eight days after entry of judgment. Rather, plaintiff argues that the time limitation imposed by Rule 59(b) pertains to filing as well as service of motions for new trials. In support of this contention, plaintiff cites a number of cases in which courts, considering the question whether Rule 59's time requirement may be enlarged, have referred to the 10 day period as the time within which a Rule 59 motion

---

1. In the affidavits submitted by defendant, there are statements concerning a telephone conversation on May 20, 1974 between defendant and the law clerk of the district court judge relating, in part, to the filing of defendant's post-trial motions. Plaintiff, in a letter to this Court, has requested that this case be held in abeyance pending clarification of this telephone conversation. Because we find that de-

fendant's motion for new trial was timely, there is no need to determine whether defendant relied on representations of the district court in filing its motion.

2. Neither party argues that the timeliness of defendant's appeal from the district court's order of August 13, 1975 is at issue.

must be *filed*.[3] Based on these cases, plaintiff urges dismissal of this appeal and argues that the untimely filing of defendant's motion for a new trial failed to toll the time for appeal, thereby causing the notice of appeal from the final judgment to be untimely. We reject this argument. We do not construe Rule 59(b)'s requirement of service "not later than 10 days after the entry of the judgment" as also requiring filing within that period.

To attribute to Rule 59 a time requirement for filing is to disregard the plain and unambiguous language expressed in the rule and to imply careless draftsmanship of the Federal Rules of Civil Procedure. A look at the history of the rules dispels any doubt concerning the drafters' intent to distinguish between filing and service.

In the 1937 preliminary draft of the Federal Rules of Civil Procedure, proposed Rule 5(b) provided in part:

> "When a time is prescribed for the service of a pleading or other paper, it shall be filed with the court as well as served within that time." 2 Moore's Federal Practice ¶ 5.10, p. 1381 n.2 (2d ed. 1975).

This proposed rule was, however, rejected. Rule 5(d) now provides that "all papers . . . required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter." Professor Moore explains the drafters' efforts to distinguish between date of filing and date of service by stating, "It was apparently felt that a requirement that both service and filing be made within the times prescribed for service . . .

might lead to technical objections based on the failure to file papers within the prescribed time, even though the party had been served and was in no way prejudiced." 2 Moore's Federal Practice ¶ 5.10, p. 1381 (2d ed. 1975). If this Court were to grant plaintiff's motion to dismiss for the reason that Rule 59 requires both service *and* filing within the 10 day period, our holding would sanction the very consequence which Rule 5(d) was intended to prevent.

The courts which have made statements to the contrary have not been confronted with a case in which a Rule 59 motion was served but not filed within the 10 day period. In cases involving a date of service different from the date of filing, courts have applied Rule 59 literally, and held that the 10 day requirement is only applicable to the time for service. See 6A Moore's Federal Practice ¶ 59.09[1], n.22 (2d ed. 1974); Wright & Miller, Federal Practice and Procedure: Civil § 2812, p. 83 (1971); *Claybrook Drilling Co. v. Divanco,* 336 F.2d 697 (10th Cir. 1964); *Mroz v. Dravo Corp.,* 293 F.Supp. 499, aff'd 429 F.2d 1156 (3rd Cir. 1970); [4] *McConnell v. United States,* 50 F.R.D. 499 (E.D.Tenn. 1970); *Reliance Life Ins. Co. v. Burgess,* 112 F.2d 234, 240 (8th Cir. 1940), cert. denied, 311 U.S. 699, 61 S.Ct. 137, 85 L.Ed. 453; *Petersen v. Chicago, Great Western Ry. Co.,* 3 F.R.D. 346, aff'd 138 F.2d 304 (8th Cir. 1943); *Eulo v. Deval Aerodynamics, Inc.,* 47 F.R.D. 35 (E.D. Pa.1969).

This is not to say that Rule 59 motions have no time requirement with respect to filing. As mentioned above, the filing of such motions is subject to

---

3. *Thompson v. Immigration & Naturalization Service,* 318 F.2d 681, 683 (1973), rev'd on other grounds, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404; *Nugent v. Yellow Cab Co.,* 295 F.2d 794, 796 (7th Cir. 1961), cert. denied, 369 U.S. 828, 82 S.Ct. 844, 7 L.Ed.2d 793; *Hulson v. Atchison, Topeka & Santa Fe Ry. Co.,* 289 F.2d 726, 729 (7th Cir. 1961), cert. denied, 368 U.S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36; *Fine v. Paramount Pictures,* 181 F.2d 300 (7th Cir. 1950); *Martin v. Wainwright,* 469 F.2d 1072 (5th Cir. 1972), cert. denied, 411 U.S. 909, 93

S.Ct. 1538, 36 L.Ed.2d 199; *Turner v. Ohman House Corp.,* 376 F.2d 347, 350 (6th Cir. 1967); *Flint v. Howard,* 464 F.2d 1084, 1087 (1st Cir. 1972).

4. In this case the district court held that the burden was on the moving party to establish on the record that its motion for a new trial was timely served. Such a holding remedies many of the potential administrative and procedural difficulties inherent in rules which allow for a different filing and service date.

the requirements set forth in Fed.R. Civ.P. 5(d). Thus, in order for a motion for a new trial to be considered a "timely motion," the filing of which tolls the time for appeal pursuant to Fed.R. App.P. 4(a), it is imperative that the motion be served no later than 10 days after entry of judgment and filed either before or within a reasonable time thereafter.

It is undisputed by the parties that plaintiff was personally served with defendant's motion eight days after judgment. Contained in the record is an affidavit of defendant's process server attesting to this fact. Having served the motion for new trial no later than 10 days from entry of judgment and having established proof of service on the record, defendant fully complied with Rule 59(b).

■ Whether defendant complied with the "reasonable time requirement" of Rule 5(d) when he filed his motion for new trial on June 2, 1974, 10 days after plaintiff was served, has not been raised by the parties. Unlike many district courts, the United States District Court for the Eastern District of Wisconsin has no local rule which designates the time within which papers must be filed under Rule 5(d). Among the courts which have implemented Rule 5(d) by a local rule, the time prescribed for filing varies from twenty-four hours in some districts to twenty days in others. A proposed uniform rule, prepared by a committee of district judges, requires filing within five days of service. 2 Moore's Federal Practice ¶ 5.10, pp. 1384–5 (2d ed. 1970). Unguided by a local rule and confronted with great variety among the district courts' rules, we are unable to say that the filing of defendant's motion on June 2, 1975 was unreasonable as a matter of law.

■ The question whether defendant filed his motion for new trial within a reasonable time from date of service is a question of fact that normally should be considered by the trial court in the first instance. However, in light of the facts here, we see no need to remand this action. In the first place, there has been no claim, much less a showing, of prejudice to plaintiff as a result of the filing date. In the second place, the date of filing has neither impeded the district court's implementation of Rule 59 nor frustrated the purpose of the rule. This is evident from the rule itself. Rule 59(c) provides that if a nonmoving party is served with a motion for new trial which is based upon affidavits, that party has a right to file opposing affidavits within 10 days after service. This 10 day period may be extended to twenty days by the district court. The rule also provides for the filing of reply affidavits by leave of court. Here, defendant served plaintiff with post-trial motions and affidavits, including a motion for new trial on May 23, 1975. Thus, the earliest possible date that the court could have considered defendant's motion for new trial was June 2, 1974, 10 days after plaintiff was served. Since defendant's motion was filed on this date, the date of filing neither impeded the court's ruling on the motion nor frustrated the rule itself.

Finally, in view of the jurisdictional character of the issue, we believe it appropriate to resolve the question of reasonableness in defendant's favor since it did comply with the literal requirements of Rule 59(b).

We hold that defendant filed a timely motion for a new trial, thereby tolling the running of time for filing a notice of appeal from the original judgment. Having filed his notice of appeal within 30 days of the district court's denial of his post-trial motions, defendant complied with Fed.R.App.P. 4(a) and vested this Court with jurisdiction to consider this appeal.

Plaintiff's motion to dismiss is hereby, denied.