**Harland HAHN and Caroline Hahn, Plaintiffs-Appellees,**

v.

**Lloyd A. BECKER and Madison County Mutual Automobile Insurance Company, Defendants-Appellants.**

**No. 76–1446.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 1, 1976.

Decided March 16, 1977.

Michael L. Eckert, Rhinelander, Wis., for defendants-appellants.

Burton A. Strnad, Milwaukee, Wis., for plaintiffs-appellees.

Before CUMMINGS and TONE, Circuit Judges, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

This case presents the question as to what constitutes compliance with the Federal Rules of Civil Procedure for purposes of moving for a Judgment Notwithstanding the Verdict pursuant to Rule 50(b). Plaintiffs here sued the defendants in the Western District of Wisconsin for damages arising out of an automobile-snowmobile acci-

dent. On 30 April 1975 a jury returned a verdict for money damages in favor of the plaintiffs in the sum of $244,028.10. Judgment was entered by the court on 1 May 1975.

On May 9th the defendants filed with the Clerk three motions: a Motion for a New Trial, a Motion for Judgment Notwithstanding the Verdict, and a Motion to Set Aside Judgment. Plaintiffs' counsel responded with a 30 June 1975 Motion to Deny the three Motions on grounds of failure to comply with the service requirements of the federal rules. Plaintiffs' 30 June 1975 Motion to Deny was supported with an affidavit by Mr. Burton Strnad, an attorney representing the plaintiffs, stating that copies of the three motions filed by the defendants were not served upon him until 23 May 1975, twenty-two days after entry of judgment. Defendants allege in their brief that they did serve the three motions by mail prior to 23 May 1975. However, they apparently are unwilling to file opposing affidavits to this effect and cannot produce tangible evidence that the motions were actually mailed at an earlier time. The district court found that the required service, within ten days after entry of judgment, had not been completed and we find no justification to disturb that finding. Therefore, we proceed from the premise that service was not initially made until 23 May 1975 and will address ourselves only to the question of whether that 23 May 1975 service was timely in this situation.

On 22 January 1976 the district judge ruled that the court had no jurisdiction as to the Motion for Judgment Notwithstanding the Verdict, the Motion for a New Trial, and the Motion to Set Aside Judgment because they had not been served within ten days after entry of judgment. In his Memorandum Opinion, the district judge construed the Motion to Set Aside Judgment as a Rule 59(e) motion to alter or amend judgment (subject to a ten-day service requirement) rather than as a Rule 60 motion for

---

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

relief from judgment or order (as urged by the defendants).[1] He also concluded that the Rule 50(b) Motion for Judgment Notwithstanding the Verdict was subject to the same ten-day service requirement embodied in Rule 59(b). In short, all three motions were denied because service had not been effected within ten days after entry of judgment.

*Service Required Under Rule 50(b)—*

Rule 50(b) reads as follows:

(b) Motion for Judgment Notwithstanding the Verdict. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. *Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion* for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial. (Emphasis added.)

Rule 59(b) and (e) read as follows:

(b) Time for Motion. A motion for a new trial *shall be served not later than 10 days* after the entry of the judgment. (Emphasis added.)

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment *shall be served not later than 10 days* after entry of the judgment. (Emphasis added.)

Although Rule 59(b) and (e) explicitly require service to be effected within ten days after entry of judgment, Rule 50(b) does not specifically enumerate a precise number of days in which service must be completed, but simply states that a party "may move" within ten days after entry of judgment. Plaintiffs argue that the district court was correct in concluding that a recent case in this Circuit, *Sadowski v. Bombardier, Ltd.,* 527 F.2d 1132 (CA 7 1975), engrafted a ten-day service requirement upon Rule 50(b). Defendants insist that the language in Rule 50(b) should be interpreted literally (as it is drafted) and that it is not controlled by the service requirements of Rule 59.

In reaching his decision, the trial judge relied on *Sadowski, supra,* in concluding that the service requirements of Rule 59(b) were also applicable to a motion under Rule 50(b). *Sadowski* entailed a situation where a motion for a new trial under Rule 59(b) was served eight days after entry of judgment but not filed until eighteen days after entry of judgment. In opposing the motion, the plaintiff in *Sadowski* insisted that the Rule 59(b) motion was untimely because it was not filed within ten days. This court held in *Sadowski* that the ten-day service requirement under Rule 59(b) did not mandate that filing also be completed within the same time interval. Filing under Rule 59(b) was held to be subject to a standard of reasonableness pursuant to Rule 5(d). The service requirements of Rule 50(b) were left undiscussed in *Sadowski* and our holding there does not control the issue of ten-day service under Rule 50(b) before us today. To the extent that the district court relied on *Sadowski* as requiring ten-day service under Rule 50(b), its reliance was misplaced.

In support of their argument, the defendants-appellants contend that two of our cases, *Hulson v. Atchison, Topeka & Santa Fe Railroad Co.,* 289 F.2d 726 (CA 7 1961)

---

[1] Rule 60 does not contain a specific ten-day service requirement.

and *Nugent v. Yellow Cab Co.*, 295 F.2d 794 (CA 7 1961), *cert. denied*, 369 U.S. 828, 82 S.Ct. 844, 7 L.Ed.2d 793, hold that a Rule 50(b) motion is complete or made upon filing with the court. An analysis of these two cases reveals that in each case, the moving party neither filed nor served a Rule 50(b) motion within ten days after entry of judgment. Finding in each case that the filing requirement had not been satisfied, we held that the motions were not timely. Today, however, we look to a situation where a Rule 50(b) motion was filed within ten days but not served until twenty-two days after entry of judgment and fourteen days after the filing of the motion. Since *Nugent* and *Hulson* did not specifically discuss the service requirements under Rule 50(b) in a case where, as here, the motion was timely filed, we do not deem them binding authority on us in the case at hand on that issue.[2]

Appellees point out that the 1963 Amendments to the Rules revised the time provision for Rule 50(b) and changed it from ten days after reception of verdict to ten days after entry of judgment. They note that Professor Moore has stated that the time provisions of Rules 50(b) and 59(b) in this respect "are now the same". *5A Moore's Federal Practice*, p. 2362. On the basis of this and the similar language of the Advisory Committee on the 1963 Amendments to the Rules, they conclude that a Rule 50(b) motion must be served within ten days after entry of judgment. However, while both the motions must be initiated within ten days, the manner of making the motions continues to be worded differently. The amendments have not made the two rules uniform in this respect. Rule 50(b) is silent as to the required service and Rule 59(b) and 59(e) mention only service and are silent as to filing.

Ultimately, we are faced here with the task of resolving the semantical distinctions of two rules as they relate to the mode of making a motion. There is no doubt that the two rules are worded differently. Regardless of whether the distinctions result from inadvertence or intention on the part of the draftsmen, we are obliged to interpret the rules in light of the language utilized. We do note, however, that these semantical distinctions have resulted in substantial litigation and confusion over the precise meaning of the rules. Although we decline to express a formal opinion or suggestion as to the desirability of revision, a powerful and very cogent case can be made for uniformity between the rules in the manner in which a motion is perfected. We would urge the Advisory Committee on Federal Rules to reconsider the rational bases for these distinctions.[3] It is possible that the draftsmen of the rules intended that the service and filing standards be uniform. If that were the case, however, the rules should be amended to make that obvious from a literal reading.

■ Accordingly, we hold today that a Rule 50(b) Motion for Judgment Notwithstanding the Verdict need not necessarily be served within ten days after entry of judgment, provided, however, that it is filed within ten days after entry of judgment. We decline to read into the rule a precise service requirement that is not capable of being recognized on its literal face. Unlike Rule 59(b) and (e), Rule 50(b) does not give the reader fair notice that the motion must be served, as well as made, within ten days. A procedural rule should not be construed as a trap for the unwary. While service of a motion made under Rule 50(b) need not be effected within ten days after entry of judgment, it is clear from a reading of Rule 5(a) and 5(d) that the motion must be served within a reasonable time after the motion is filed.

In the case at hand the Rule 50(b) motion was filed within the required ten days.

---

2. Also, both *Nugent* and *Hulson* were decided prior to the 1963 Amendments to the Rules.

3. We also note in passing that Rule 52(b) has a slightly varying nuance in its wording. A motion to amend findings or a judgment must be

"made not later than ten days after entry of judgment". The Sixth Circuit has held that the ten-day requirement is satisfied under Rule 52(b) on the basis of service alone. *Keohane v. Swarco, Inc.*, 320 F.2d 429 (CA 6 1963).

Plaintiffs' attorney, upon whom service was made on 23 May 1975, was out of town at the time the motions were filed. There has been no showing of prejudice or hardship as a result of the service and, under the circumstances of this case, we are disposed to conclude that the service was reasonable. Since the Rule 50(b) motion was timely filed and served, the district court did have jurisdiction to consider the merits of the motion and has authority to do so upon remand.

In summation, a Rule 50(b) Motion for Judgment Notwithstanding the Verdict must be filed within ten days after entry of judgment and served within a reasonable time thereafter. As pointed out in *Sadowski*, a Rule 59(b) Motion for a New Trial must be served within ten days after entry of judgment and filed within a reasonable time thereafter. Neither motion can be said to have been completed or perfected until both service and filing have been effected.

*Defendants' Motion To Set Aside Judgment—*

Defendants claim that their motion to set aside the judgment is either a Rule 60(a) or Rule 60(b) motion and should not be treated as a Rule 59(e) motion. The district court ruled, however, that the motion did not qualify for Rule 60 consideration and should have been treated as a Rule 59(e) motion.

■ In reviewing the motion, we are inclined to conclude that the relief sought by the defendants is correction of errors of law and is not of the type contemplated by Rule 60. As this court has emphasized, it will not permit parties to circumvent the service requirement of Rule 59(e) by merely denominating the motion as one made under Rule 60. *Swam v. United States*, 327 F.2d 431 (CA 7 1964). The district court was correct in its construction of the Motion to Set Aside Judgment and the motion, not having been timely served, was a nullity and properly denied.

The decision of the district court is AFFIRMED in part, REVERSED in part, and REMANDED for further consideration not inconsistent with this opinion.