**UNITED STATES of America, Plaintiff,**

v.

**The VALDOSTA/LOWNDES COUNTY HOSPITAL AUTHORITY, Defendant.**

**Civ. A. No. 79–31–VAL.**

United States District Court,
M. D. Georgia,
Valdosta Division.

Aug. 21, 1981.

Raphael O. Gomez, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

John R. Bennett, Barham, Bennett, Miller & Stone, P. C., Valdosta, Ga., for defendant.

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

ELLIOTT, District Judge.

At the conclusion of the presentation of evidence in the trial of the case above identified the Plaintiff made a motion for a directed verdict, which motion was not granted by the Court. The jury later returned a verdict for the Defendant and judgment was entered for the Defendant on October 30, 1980. On November 12, 1980 (13 days later) Plaintiff filed a motion for judgment notwithstanding the verdict pur-

suant to Rule 50(b) of the Federal Rules of Civil Procedure. The Defendant has filed a motion to dismiss or disallow the Plaintiff's motion as being untimely filed.

Rule 50(b) provides as follows:

"(b) Motion for Judgment Notwithstanding the Verdict. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; . . ."

In a number of decisions the Supreme Court has emphasized the necessity of giving strict construction to the requirements of Rule 50(b). In *Johnson v. New York, New Haven & Hartford Railroad Company*, 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77 (1952), the Court said:

"On several recent occasions we have considered Rule 50(b). We have said that in the absence of a motion for judgment notwithstanding the verdict made in the trial court within ten days after reception of a verdict the rule forbids the trial judge or an appellate court to enter such a judgment. *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849. We repeated that construction of the rule in *Globe Liquor Co. v. San Roman*, 332 U.S. 571, 68 S.Ct. 246, 92 L.Ed. 177, and reemphasized it in *Fountain v. Filson*, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971."[1] P. 50, 73 S.Ct. pp. 126–127.

In *Hulson v. Atchison, Topeka and Santa Fe Railway Company*, 289 F.2d 726 (7 Cir. 1961), the movant filed his motion 20 days after the reception of the verdict and the Court observed:

"Thus, it is quite clear that Plaintiff's motion for judgment n.o.v. was not made within 10 days after the reception of the verdict and is not within the limitation imposed by Rule 50(b). Under such circumstances 'the rule forbids the trial judge or an appellate court to enter such a judgment'." (Citing *Johnson v. New York, New Haven & Hartford Railroad Company*, *supra*, and other cases.) P. 729.

In a later case the Court of Appeals for the Seventh Circuit was urged to modify its ruling in *Hulson* above referred to because of the harsh result which its application brought about. The Court declined to do so, commenting:

"If the rules applicable to the case at bar are too strict or bring about an undesirably harsh result, they should be revised or amended as provided by law and not through the judicial process."

*Nugent v. Yellow Cab Company*, 295 F.2d 794 (1961), at page 796.

In *McConnell v. United States*, 50 F.R.D. 499 (1970), the District Court for the Eastern District of Tennessee was dealing with a situation wherein the facts were almost identical with the facts in this case. The judgment was entered on May 6, 1970 in favor of the Defendant. Thirteen days later, on May 19, 1970, Plaintiff filed a motion to have the verdict set aside and have judgment entered in accordance with the Plaintiff's motion for a directed verdict, and in its decision the Court held that:

"A motion under Rule 50(b), supra, may not be made later than 10 days after entry of Judgment. *Johnson v. New York, New Haven & Hartford R. Co.* (1952), 344 U.S. 48, 50, 73 S.Ct. 125, 126–127, 97 L.Ed. 77, 81 (headnote 1)."

.    .    .    .    .

and on a motion for reconsideration the Court said:

"Rule 50(b), Federal Rules of Civil Procedure, is clear that a party who has moved for a directed verdict may ' * * *

---

[1] The rule has been now amended to substitute the words "not later than ten days after entry

of judgment" in lieu of the words "within ten days after the reception of a verdict".

move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict * * * ', within 10 days after the entry of judgment. If such motion is not filed with the clerk within that period, this Court is forbidden to enter a judgment notwithstanding the verdict. *Johnson v. New York, New Haven & Hartford R. Co.* (1952), 344 U.S. 48, 50, 73 S.Ct. 125, 126–127, 97 L.Ed. 77, 81 (headnote 1)." Pp. 500, 501.

In *Eulo v. Deval Aerodynamics, Inc.*, 47 F.R.D. 35 (1969), the District Court for the Eastern District of Pennsylvania dealt with a situation where a motion for a judgment notwithstanding the verdict was filed on April 16, 1968 and to have been within the requirements of Rule 50(b) the motion would have had to have been filed one day earlier, on April 15, 1968. In its opinion the Court quoted Rule 50(b) and applied it to the facts and determined that the Court could not entertain the motion because the filing did not meet the time requirements of the Rule, stating:

"Although the misfeasance of the defendants' counsel was de minimis, the mandatory language of the Federal Rules does not permit this Court to entertain the defendants' motion. See, *Johnson v. New York, N. H. & H. R. Co.*, 344 U.S. 48, 50, 73 S.Ct. 125, 126–127, 97 L.Ed. 77 (1952). Even had the defendants petitioned this Court pursuant to Rule 6(b) to enlarge the time period within which to file their Rule 50 motion, the literal language of the former statute, as consistently interpreted by the courts, indicates that it would have been improper for this Court to do so. See, *United States v.

*Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960). Accordingly, the plaintiff's motion to dismiss is granted, and the defendants' motion for judgment notwithstanding the verdict is denied."

Pp. 42, 43.

In a brief filed by the Plaintiff in opposition to the Defendant's motion to dismiss or disallow the Plaintiff's motion for judgment n.o.v. Plaintiff's counsel suggests that because there is a certificate of service attached to the Plaintiff's motion certifying that a copy of the Plaintiff's motion was mailed to counsel for the Defendant on November 3, 1980, the fact that the original of the motion was not filed with the Court until November 12, 1980 should be regarded as immaterial.[2] It is the Court's view that such a conclusion is not justified by the language of Rule 50(b) which says nothing about service on opposing counsel but does specify that the party must "move" to have judgment entered n.o.v. within 10 days, and a party does not "move" with (direct a motion to) opposing counsel, but instead "moves" with (directs a motion to) the Court.[3] Indeed, the Supreme Court in *Johnson v. New York, New Haven, etc., supra*, said that:

"In the absence of a motion for judgment notwithstanding the verdict *made in the trial court* within 10 days after reception of the verdict the Rule forbids the trial judge or appellate court to enter such a judgment." (Emphasis supplied.)

It is clear that the only way a motion can be "made in the trial court" is by the filing of the motion in the trial court. What is important under Rule 50(b) is the time the

2. Counsel for the Plaintiff have attached to their brief an affidavit of one of Plaintiff's counsel stating that it was counsel's usual practice with regard to filing and serving motions to have the motion placed in the mail to the Clerk of Court at the same time that a copy was placed in the mail to opposing counsel and that to the best of counsel's recollection counsel followed this usual practice with regard to filing and serving the motion for judgment n.o.v. in this case. It is to be noted that counsel does not positively assert that the original

of this motion was placed in the mail on the same date on which the copy was mailed to opposing counsel, but even if there were such a positive assertion this would be immaterial to a consideration of this matter because of the positive requirements of Rule 50(b).

3. The word "move" is defined in Black's Law Dictionary as follows: To make an application to a court for a rule or order, or to take action in any matter.

motion is filed with the Court and not when service is perfected upon opposing counsel, and this was the view of the Court of Appeals for the Seventh Circuit in *Hahn v. Becker*, 551 F.2d 741 (1977), wherein the Court stated:

"Accordingly, we hold today that a Rule 50(b) Motion for Judgment Notwithstanding the Verdict need not necessarily be served within ten days after entry of judgment, provided, however, that it is filed within ten days after entry of judgment.

.    .    .    .    .

"In summation, a Rule 50(b) Motion for Judgment Notwithstanding the Verdict must be filed within ten days after entry of judgment and served within a reasonable time thereafter."
Pp. 744, 745.

■ Consistent with the foregoing, the Court concludes that this Court is without jurisdiction to entertain the Plaintiff's motion for judgment notwithstanding the verdict and the Defendant's motion to disallow the Plaintiff's motion is sustained.