765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MIGUEL LEAL AND ELISEO FLORES, PLAINTIFFS-APPELLEES,
v.
INTERSTATE BRANDS CORPORATION, DEFENDANT-APPELLANT.
 NO. 84-1414
 United States Court of Appeals, Sixth Circuit.
 5/23/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and HULL* District Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Interstate Brands Corporation appealed from the judgment of the district court against defendant and from the district court's refusal to grant defendant relief under Fed.R.Civ.P. 60(b). The facts relevant to this appeal are not in dispute. This action originated as a civil rights claim brought under 42 U.S.C. Sec. 1981 and Title VII, 42 U.S.C. Sec. 2000e, et seq. The two plaintiffs, Miguel Leal and Eliseo Flores, alleged that the defendant discharged them from their employment on the basis of their Hispanic origin. On January 18, 1984 the district court issued a Mediation Order under Rule 42 of the Local Rules of the United States District Court for the Western District of Michigan (Local Rules) under which the mediation evaluation became binding if no party filed a notice of rejection within 20 days from the date it was issued. Local Rule 42(j) provides:
 
 
 2
 If the mediation panel's evaluation is not rejected by any of the parties within twenty (20) days, a judgment shall be entered by the Court in the amount of the award.
 
 
 3
 The January 18, 1984 Mediation Order issued by the district court provided in part:
 
 
 4
 7. If the mediation panel's award is accepted in writing by all parties, plaintiff shall prepare a judgment approved as to form by opposing counsel, for entry by the Court. Rule 42(e)(6).
 
 
 5
 8. If no communications are received by the Mediation Clerk within 20 days, a judgment shall be entered by the Court in the amount of the award, plus fees, costs and interest to the date of judgment. Rule 42(j)(1).
 
 
 6
 9. If any party rejects the mediation panel's evaluation, this case shall be ready to proceed to trial on June 5, 1984. Rule 42(j)(2).
 
 
 7
 After a hearing on April 12, 1984, the mediation panel issued a mediation evaluation in the amount of $8,500 in favor of plaintiff Miguel Leal and $6,500 in favor of plaintiff Eliseo Flores. The written mediation award was served on all counsel on April 25, 1984 and plaintiffs' counsel filed a written Acceptance of Mediation Award on May 4, 1984.
 
 
 8
 On May 24, 1984, a letter was forwarded to both counsel by the mediation clerk which advised counsel that the Mediation Award had become final pursuant to Local Rule 42(j), since no notice of rejection had been filed by either party, and that judgment would be entered in accordance with the Mediation Award. Despite language to the contrary in both Local Rule 42(j) and the January 18, 1984 Mediation Order, defendant's counsel mistakenly believed that he would be deemed to have rejected the evaluation unless he filed an acceptance. On May 30, 1984, after having received the May 24, 1984 letter from the mediation clerk, defendant's counsel simultaneously filed a rejection of the Mediation Award and a motion for leave to file a late rejection of the Mediation Award, under Fed.R.Civ.P. 60(b).
 
 
 9
 The district court conducted a hearing on defendant's Rule 60(b) motion after which it denied the motion and entered judgment in accordance with the Mediation Award. The court explained that although Fed.R.Civ.P. 60(b) provides authority to relieve a party from judgment under certain specified circumstances such as 'excusable neglect', defendant's counsel's failure to abide by the Local Rule and Mediation Order did not constitute such excusable neglect that would require the court to provide relief from judgment. Defendant appealed.
 
 
 10
 Defendant's counsel concedes that the sole basis for his failure to file a timely rejection of the Mediation Award was 'the result of his failure to carefully read and understand the applicable local court rule and the trial court's mediation order.'
 
 
 11
 The granting of relief under Fed.R.Civ.P. 60(b) is primarily a matter for the discretion of the trial court. Sutherland v. ITT Continental Baking Co. Inc., 710 F.2d 473, 475 (8th Cir. 1983); see generally 11 Wright and Miller, Federal Practice and Procedure Sec. 2875 at 157 (1973). Thus, this court's review is limited to a determination of whether the district court abused its discretion in denying relief under Rule 60(b). Browder v. Director, Department of Corrections, 434 U.S. 257, 264 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed. 521 (1978); Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980).
 
 
 12
 Courts have often concluded that ignorance of rules or law or carelessness of counsel does not constitute excusable neglect within the meaning of Rule 60(b). See, e.g., Cline v. Hoogland, 518 F.2d 776, 778 (8th Cir. 1975); Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969); Ohliger v. United States, 308 F.2d 667, 667-78 (2d Cir. 1962); Nugent v. Yellow Cab Co., 295 F.2d 794, 796 (7th Cir. 1961) cert. denied, 369 U.S. 828 (1962); see generally 11 Wright and Miller, Federal Practice and Procedure, Sec. 2858 at 170-73.
 
 
 13
 Defendant argues that the district court should have applied the standard for relief prior to the entry of default judgment under Fed.R.Civ.P. 55(c) which is more lenient than that of Fed.R.Civ.P. 60(b). Fed.R.Civ.P. 55(c) provides:
 
 
 14
 For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).
 
 
 15
 The analogy to the entry of default is inapt; this case simply did not involve a situation where default was about to be entered under Fed.R.Civ.P. 55. Instead, this case concerns an Arbitration Award which, under Local Rule 42(j) and the January 18, 1984 Mediation order, becomes final and is entered as a judgment if no party files a re ection within 20 days.
 
 
 16
 For the reasons aforesaid, the judgment is AFFIRMED.
 
 
 
 *
 Hon. Thomas G. Hull, Chief Judge, Eastern District of Tennessee, sitting by designation