In re SCHULTZ MANUFACTURING & FABRICATING CO., INC., Debtor.

In re PARR ELEVATOR, INC., Debtor.

PARR ELEVATOR, INC., and John Hancock Mutual Life Insurance Company, Plaintiffs,

v.

SCHULTZ MANUFACTURING AND FABRICATING COMPANY, INC., et al., Defendants.

Daryl A. and Norita SCHULTZ, Appellants,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, and Margret G. Robb, as trustee in bankruptcy of Schultz Manufacturing & Fabricating Co., Inc., Appellees.

Bankruptcy Nos. 86–40835, 84–40520.
Adv. No. 85–4035.
Civ. No. L89–00035.

United States District Court,
N.D. Indiana,
Hammond Division
at Lafayette.

Jan. 31, 1990.

---

Daryl and Norita Schultz, Rensselaer, Ind., pro se.

Margret Robb, Lafayette, Ind., Trustee.

David A. Rosenthal, Rosenthal Greives & O'Bryan, Lafayette, Ind., and David Powlen, and Edwin A. Keirn, Barnes & Thornburg, Indianapolis, Ind., for Appellees.

## FACTS

ALLEN SHARP, Chief Judge.

This case comes before this court by way of a long and protracted procedural history. This case first began back in November of 1984 when Parr Elevator, Inc. (Parr) filed a Chapter 11 bankruptcy. Adversary Proceeding Number 85–4035 was filed by Parr and Hancock in June of 1985 so that the property of Parr could be sold free and clear of liens. Hancock is an appellee is this proceeding. Schultz Manufacturing and Fabricating Co., Inc. (SMFC) filed an "Answer" in this proceeding. A trial was started on October 8, 1986, but it was con-

tinued before it could be concluded. In December of 1986, SMFC filed a voluntary reorganization bankruptcy petition under Chapter 11 of the Bankruptcy code. The parties reported on January 23, 1987 that they had reached a settlement.

To proceed with the sale of the property, Hancock filed a motion in the Adversary Proceeding Number 85–4035 on February 10, 1987 for a conference and hearing to be held to determine whether a settlement had been reached between Hancock and SMFC. SMFC filed its objections to the alleged settlement on May 20, 1987. A hearing was held on May 21, 1987. The bankruptcy court entered its Settlement Determination Order on June 29, 1987. *See* Order of June 29, 1987. The court determined that a settlement had in fact been reached between SMFC and Hancock. On July 13, 1987, SMFC filed a Motion to Alter or Amend Judgment. The bankruptcy court summarily denied this motion as being untimely filed on July 15, 1987.

On July 27, 1987, SMFC filed a Rule 59(e) Motion and a Rule 60(b) Motion for reconsideration of the July 15, 1987 order. The bankruptcy court denied these motions on October 22, 1987. SMFC filed an Application for Extension on Time for Filing Notice of Appeal and to Allow the Filing of a Notice of Appeal Instanter on November 23, 1987. On December 29, 1987, the bankruptcy court denied this motion by Memoranda Opinion and Order finding that the time to file an appeal had expired. Thus the court found that there was a settlement. *See* order of December 29, 1987.

In September of 1987, SMFC's Chapter 11 proceeding had been involuntarily converted into a Chapter 7 proceeding. Margret G. Robb had been appointed trustee. Thus, Robb became the proper party in interest in September of 1987.

On February 5, 1988, the bankruptcy court entered an Order and Notice giving the creditors of Parr and SMFC until February 25, 1988 to file any objections to the proposed settlement as entered by the court on June 29, 1987. Robb as trustee and the proper party in interest for SMFC did not file any objections to the proposed

settlement as found by the court on June 29, 1987.

Objections were however filed by Daryl and Norita Schultz personally and by Daryl Schultz as President of SMFC to the court's order of June 29, 1987. The second objection was filed by A & M Farms, Inc. A & M Farms is a farming corporation operated by Daryl Schultz's parents. A hearing was held on these objections on March 2, 1988. In open court, Daryl and Norita Schultz and counsel for A & M Farms orally withdrew their objections to the settlement during the course of the hearing.

On March 3, 1988, the day after the hearing, Daryl and Norita Schultz personally and Daryl Schultz as President of SMFC filed a Motion to Reinstate the Objections Filed on February 25, 1988. The trustee objected to this motion on March 11, 1988. On March 21, 1988, the bankruptcy court denied the Motion to Reinstate Objections as to SMFC but gave the Schultzs in their capacity as creditors and shareholders of SMFC 15 days to respond to the Trustee's March 11, 1988 objections. The Schultzs responded with a second Motion to Reinstate Objections and a Motion to Refuse John Hancock's Offer for Settlement which were filed on April 5, 1988. On April 15, 1988, the bankruptcy court denied these motions. The court found that the Schultzs withdrew their objection in open court on March 2, 1988. In the same order, the court approved the settlement reached by those present at the March 2, 1988.

On April 22, 1988, the Schultzs filed a Motion to Alter or Amend Order of Court Dated April 4, 1988. No order was dated April 4, 1988. The court treated it as a Motion to Alter or Amend Order of Court Dated April 15, 1988. The court denied this motion on April 28, 1988.

On May 5, 1988, the bankruptcy court granted the Schultzs' Motion For Extension Of Time To Appeal and gave them to 5:00 p.m. on May 15, 1988 to appeal the April 28, 1988 order. The court noted that no further extensions would be granted. On June 3, 1988, the Schultzs filed their Motion from Judgment or Order seeking relief

from the April 15, 1988 order. The bankruptcy judge denied the motion on December 29, 1988.

Finally, on August 15, 1988, the bankruptcy court entered its Order with Respect to Settlement of Mechanic's Lien Claim Asserted by Schultz Manufacturing and Fabricating Company, Inc. The Schultzs filed a Motion for New Trial and Amendment of Judgments on August 26, 1988. The bankruptcy court denied this motion on December 29, 1988. The Schultzs filed their appeal in this court on January 9, 1989. Subsequently, on March 22, 1989, the Schultzs personally filed for bankruptcy under Chapter 11.

The Schultzs filed two briefs. The first one was filed on May 19, 1989 and the second on November 20, 1989. In their first brief the Schultzs appeal the June 29, 1987 order and two separate orders from December 29, 1988. In their second brief the Schultzs appeal the orders of July 15, 1987 and October 22, 1987.

## ISSUES

There appear to be five main issues before this court. The first is whether the brief filed by the Schultzs meets the minimum standards for filing a brief. The second issue is whether the Schultzs have standing to pursue this appeal pro se. The third issue is whether this court has any jurisdiction to rule on the appeal filed in this case. The fourth issue is whether the bankruptcy judge's decision of June 29, 1987 was clearly erroneous when he approved the settlement reached between SMFC and Hancock regarding the SMFC mechanic's lien. The final issue is whether the bankruptcy judge's decision of August 15, 1988 was clearly erroneous when he made the settlement binding on the creditors and bankruptcy estates of Parr and SMFC.

## STANDARD OF REVIEW

■ The factual findings of a bankruptcy court will not be set aside unless they are clearly erroneous. *Matter of Graves,* 70 B.R. 535 (N.D.Ind.1987). The rules of

bankruptcy procedure provide the applicable standard of review. Rule 8013 states:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Finds of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The clearly erroneous language of the rule tracks the language found in Federal Rule of Civil Procedure 52(a), and cases construing the standard under Rule 52(a) are equally applicable to bankruptcy cases. *Matter of Louisiana Industrial Coatings, Inc.,* 53 B.R. 464, 467 (E.D.La.1985). The Supreme Court reaffirmed the definition of clearly erroneous when it said "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake had been committed." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

■ Questions of law will require a *de novo* review. *Park Terrace Townhouses v. Wilds,* 852 F.2d 1019 (7th Cir.1988); *In the Matter of Hilligoss,* 849 F.2d 280 (7th Cir.1988); *In the Matter of Rice,* 90 B.R. 386 (N.D.Ind.1988). The court must also determine whether the trial court applied the proper legal standard to the facts. *In re Stratton,* 23 B.R. 284, 287 (D.S.D.1982).

## THE BRIEFS

The brief must comply with Bankruptcy Rule 8010. Rule 8010 states:

### FORM OF BRIEFS; LENGTH

(a) **Form of Briefs.** Unless the district court or the bankruptcy appellate panel by local rule otherwise provides, the form of brief shall be as follows:

(1) Brief of the Appellant. The brief of the appellant shall contain under ap-

propriate headings and in the order here indicated:

(A) A table of contents, with page references, and a table of cases alphabetically arranged, statutes and other authorities cited, with references to the pages of the brief where they are cited.

(B) A statement of the basis of appellate jurisdiction.

(C) A statement of the issues presented and the applicable standard of appellate review.

(D) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of the proceedings, and the disposition in the court below. There shall follow a statement of the facts relevant to the issues presented for review, with appropriate references to the record.

(E) An argument. The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.

(F) A short conclusion stating the precise relief sought.

(2) Brief of the Appellee. The brief of the appellee shall conform to the requirements of paragraph (1)(A)–(E) of this subdivision, except that a statement of the basis of appellate jurisdiction, of the issues, or of the issues, or of the case need not be made unless the appellee is dissatisfied with the statement of the appellant.

**(b) Reproduction of Statutes, Rules, Regulations, or Similar Material.** If determination of the issues presented requires reference to the Code or other statutes, rules, regulations, or similar material, relevant parts thereof shall be reproduced in the brief or in an addendum or they may be supplied to the court in pamphlet form.

**(c) Length of Briefs.** Unless the district court or the bankruptcy appellate panel by local rule or order otherwise provides, principal briefs shall not exceed 50 pages, and reply briefs shall not exceed 25 pages, exclusive of pages containing the table of contents, tables of citations and any addendum containing statutes, rules, regulations, or similar material.

■■■ This court agrees that the brief filed on May 19, 1989 does not meet the requirements of Bankruptcy Rule 8010. However, the brief filed on November 20, 1989 comes much closer. Hancock at the hearing presented this court with a copy of *McCottrell v. E.E.O.C.,* 726 F.2d 350 (7th Cir.1984), which said that pro se litigants should anticipate that the Seventh Circuit may dismiss an appeal where the brief submitted contains no identifiable argument. *McCottrell,* 726 F.2d at 351. However, Judge Shadur in *In re Brauer,* 80 B.R. 903 (N.D.Ill.1987) implied that a pro se debtor is entitled to the special considerations given pro se litigants. This court is very familiar with pro se litigation and believes that when dealing with a pro se plaintiff, their complaints must be construed liberally. *Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972). Also, the district court has the obligation to insure that a pro se litigant is given fair and meaningful consideration of all claims presented. *Schilling v. Walworth County Park & Planning Comm'n,* 805 F.2d 272 (7th Cir.1986); *Caruth v. Pinkney,* 683 F.2d 1044, 1050 (7th Cir.1982) *cert. denied* 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 451 (1983); *Duncan v. Duckworth,* 644 F.2d 653 (7th Cir.1981). Giving the Schultzs every indulgence and in the interest of caution, this court finds that the Schultzs' brief filed on November 20, 1989 meets the requirements of Bankruptcy Rule 8010. Thus, this court will not dismiss this appeal on the issue of the sufficiency of the briefs.

### STANDING

■■■ In this case there is a question as to whether the Schultzs have standing to pursue this appeal pro se. In relation to the corporation, the Schultzs' status can only be that of creditor or shareholder. Neither

status would allow the Schultzs to personally challenge any order as it relates the corporation after the corporation was involuntarily converted into a Chapter 7 and a trustee appointed. It is clear that the Schultzs cannot proceed pro se on behalf of SMFC. Only the trustee can challenge a ruling concerning the corporation. Further, it has been stated in at least two orders by Judge Lindquist that the Schultzs do not have standing to assert any claim on behalf of the company. *See* Lindquist orders of 12–29–87, 3–21–88. Also, Judge Lindquist has stated that pursuant to Local Bankruptcy Rule B–101(g), the corporation must be represented by an attorney. Thus, the Schultzs do not have standing to appeal any decision with respect to SMFC. This means that the Schultzs do not have standing to appeal the orders of June 29, 1987, July 15, 1987, October 22, 1987 and the December 29, 1988 order which relates to the order of August 26, 1988. Therefore, only the December 29, 1988 order which relates to the April 15 order remains as an issue raised that can be raised by the Schultzs in the capacity of a pro se debtor.

 Since only the December 29, 1988 order which relates to the April 15 order remains, this court must decide if the Schultzs can pursue the order pro se. In March of 1989, the Schultzs filed a petition for bankruptcy under Chapter 11. At that point in time, the Schultzs became debtors in possession with their claims against others being the property of their bankruptcy estate. Thus the Schultzs can not in their individual capacity pursue claims of their bankruptcy estate. Further, Randall L. Vonderheide represents the Schultz in their Chapter 11 matter. Vonderheide has declined to represent them in this action for professional ethical reasons. The trustee has argued that the Schultzs as debtors in possession have no rights individually and must have their attorney of record in their Chapter 11 proceeding pursue an appeal in this matter. Judge Lindquist has held that since the Schultzs have filed a Chapter 11 petition, any claims which they would have are property of their Chapter 11 bankruptcy estate under 11 U.S.C. § 541, and that

Vonderheide, as counsel for the Schultzs is the entity who should pursue claims for the benefit of the estate. *See* Lindquist orders of March 21, 1989, September 29, 1989 and December 4, 1989. This court is mindful that litigants in civil cases must be afforded a fair opportunity to secure counsel of choice but do not have an absolute right to select any counsel desired. *Matter of Wynn,* 889 F.2d 644, 646 (5th Cir.1989). Also, pro se litigants present the court with important concerns and difficulties. *In re Edsall,* 89 B.R. 772 (N.D.Ind.1988). This court has researched and reviewed all available materials in this case, and can find no authority that the Schultzs cannot proceed pro se individually as debtors in possession. Therefore, this court concludes that the Schultzs do have standing as pro se litigants to challenge the order of December 29, 1988 which relates to the order of April 15, 1988.

## JURISDICTION

Even though this court has concluded that the Schultzs can proceed pro se with the December 29, 1988 order which relates to the order of April 15, 1988 that the time to file an appeal has long since expired. The December 29, 1988 order which relates to the order of April 15, 1988 stems from the Schultzs objections to the proposed settlement order of June 29, 1987. The Schultzs orally withdrew their objections in open court on March 2, 1988. Judge Lindquist specifically found in his April 15, 1988 order that Schultz and SMFC orally withdrew their complaints to the settlement. On May 5, 1988, Judge Lindquist granted the Schultzs an extension of time to file an appeal. The Schultzs were given until 5:00 p.m. on May 15, 1988 to file an appeal. Judge Lindquist stated in an order dated May 13, 1988, that he did not have jurisdiction because the Schultzs had filed for an extension of time to file their appeal. Thus, on May 15, 1988, the time to file an appeal on this issue expired. The Schultzs have tried through the back door to appeal the December 29, 1988 decision.

**390**

Federal district courts have appellate jurisdiction "from final judgments, orders and decrees" of the bankruptcy courts. 28 U.S.C. sec. 158(a). *In re Opelika Mfg. Corp.*, 94 B.R. 484 (N.D.Ill.1988). Because of the jurisdictional nature of the inquiry, this court is obligated to determine whether the order appealed from is "final" even if the parties do not contest it. *In re Exennium, Inc.*, 715 F.2d 1401, 1402 (9th Cir.1983). "Final" does not mean the same thing in bankruptcy cases as it does in the ordinary civil context. *In re Fox*, 762 F.2d 54, 55 (7th Cir.1985). Since bankruptcy actions usually involve "many disputes that would be independent lawsuits [in the normal civil context], *In re Xonics, Inc.*, 813 F.2d 127, 129 (7th Cir.1987), courts take a "flexible approach to the definition of finality", *In re Kilgus*, 811 F.2d 1112, 1116 (7th Cir.1987). It appears that Judge Lindquist has been both flexible and indulgent. "The timely filing of a notice of appeal is mandatory and jurisdictional." *Parke–Chapley Construction Co., v. Cherrington*, 865 F.2d 907, 909 (7th Cir.1989). In this case it simply was not done. This court does not have jurisdiction to let unsuccessful litigants who miss deadlines appeal. In this matter especially, litigation must come to an end. Therefore, this court does not have jurisdiction over the appeal filed from the December 29, 1988 order which relates to the April 15, 1988 order because the appeal was not timely filed. Further, this court does not have jurisdiction over the orders of June 29, 1987, July 15, 1987 and October 22, 1987 because there was no timely appeal filed. Thus, there is no order before this court in which there has been a timely appeal filed.

### June 29, 1987 Order

Even though this court finds that there is no jurisdiction for this appeal, this court will address the merits of the appeal. To begin, this court finds that the proceedings before the bankruptcy court were a "core" proceeding under 28 U.S.C. § 157(b)(2). This court reviews the finding of fact of the bankruptcy court under a clearly erroneous standard. *Matter of Graves*, 70 B.R. at 537. This court has reviewed the findings of fact and does not find them clearly erroneous. This court agrees that there was a settlement entered into between Hancock and SMFC.

This court also performs a *de novo* review of the law. This court finds that the law as stated in the bankruptcy court is correct. This court further finds that the law as applied to the facts is proper. Therefore, this court finds that the bankruptcy court's order of June 29, 1987 should be AFFIRMED.

### August 15, 1988 Order

This court has reviewed the bankruptcy court's order of August 15, 1988 and finds that the findings of fact are not clearly erroneous. This court in performing a *de novo* review of the law finds that there is no error. Finally, this court finds that the law as applied to the facts is correct. Therefore, this court finds that the bankruptcy court's order of August 15, 1988 is AFFIRMED.

### CONCLUSION

This court concludes that the appeal filed in this case is DISMISSED. In the alternative, that the bankruptcy court's orders should be AFFIRMED. IT IS SO ORDERED.