**SINETT INC. and Lawrence Bober,**
**Plaintiffs–Appellants,**

v.

**BLAIREX LABORATORIES, INC. and**
**Michael P. Hull,**
**Defendants–Appellees.**

No. 90–1697.

United States Court of Appeals,
Seventh Circuit.

Submitted May 16, 1990.

Decided Aug. 2, 1990.

Francine Schwartz, Arlington Heights, Ill., for plaintiffs-appellants.

Michael Padden, Gardner, Carton & Douglas, Chicago, Ill., Russell T. Clarke, Jr., Emswiller, Williams, Noland & Clarke, Indianapolis, Ind., for defendants-appellees.

Before CUDAHY, POSNER and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

The defendants in this breach of contract suit have moved to dismiss the plaintiffs' appeal on the ground that by failing to make a timely motion for a new trial the plaintiffs failed to stop the running of the time for filing their notice of appeal. They filed the notice of appeal more than two months after judgment was entered against them, and this was too late unless the motion for a new trial was timely. It was not. The motion for a new trial must be *served,* not filed, within ten days of the judgment, Fed.R.Civ.P. 59(b); *Sadowski v. Bombardier Ltd.,* 527 F.2d 1132, 1135 (7th Cir.1975) (per curiam), and the time cannot be extended. Fed.R.Civ.P. 6. The only attempt at service within the ten days was by slipping a copy of the motion

for new trial under the door of the law office of the defendants' counsel, after hours, when no one was there. This was not proper service. Rule 5(b), in specifying the various methods by which service can be made, provides that "if the office is closed ..., leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" is sufficient. But nowhere does the rule allow service to be made simply by inserting the paper to be served into the closed office. As the defendants point out in their motion to dismiss, the plaintiffs employed none of the methods of service authorized by Rule 5(b). The plaintiffs, who apparently are unaware of the provisions of that rule, make crystal clear in their response to the motion to dismiss that they violated the rule, for they state—as if it helped them rather than sank them—that the motion for a new trial was "served" by being slipped under the office door after the office had closed for the day. No excuse for violating the rule is offered, no doctrine of excusable neglect invoked. A clear rule was inexcusably violated by counsel in corporate litigation. The plaintiffs do not argue that a failed *attempt* at service complies with the requirements of Rule 59(b). To compound their default, the plaintiffs in their response to the motion to dismiss the appeal state incorrectly that the district judge found as a fact that service had been made within the ten days; there is no such finding in the record; and there could be no such finding, given the unequivocal terms of Rule 5(b).

The motion for a new trial was not served within ten days, and therefore the motion was invalid and did not toll the time for filing the notice of appeal. As that time expired before the notice was filed, the appeal is untimely and must be

DISMISSED.