In the Matter of SCHULTZ MANU-
FACTURING FABRICATING
COMPANY, Debtor.

Appeal of Daryl A. SCHULTZ
and Norita Schultz.

In the Matter of PARR ELEVATOR,
INCORPORATED, Debtor.

Appeal of Daryl A. SCHULTZ
and Norita Schultz.

In the Matter of Daryl A. SCHULTZ
and Norita J. Schultz, Debtors–
Appellants.

Nos. 90–1576, 90–3657, 90–
3611 and 91–2519.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 12, 1991.*

Decided Feb. 10, 1992.

Rehearing Denied April 2, 1992.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in these cases. The notices provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed. R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeals have been submitted on the briefs and record.

Jim B. Brown, Crown Point, Ind., for Daryl and Norita Schultz and Schultz Mfg. & Fabricating Co. in Nos. 90–1576, 90–3657.

Daryl A. Schultz, pro se.

Norita J. Schultz, pro se.

Lynn C. Tyler, David M. Powlen, Edward A. Keirn, Barnes & Thornburg, Indianapolis, Ind., Cynthia L. Garwood, Cooke, Bache, Laszynski & Moore, Lafayette, Ind., for John Hancock Mut. Life Ins. Co., Inc. and Margret G. Robb, trustee.

Margret G. Robb, Bartlett, Robb & Sabol, Lafayette, Ind., trustee.

David A. Rosenthal, Lafayette, Ind., for Parr Elevator, Inc.

Before BAUER, Chief Judge, and CUMMINGS and CUDAHY, Circuit Judges.

CUDAHY, Circuit Judge.

■ In these four consolidated appeals, the Schultzes, proceeding *pro se*, challenge several orders of the bankruptcy court affecting the bankrupt estate of their company, Schultz Manufacturing and Fabricating Company (SMFC).[1] As explained in the following discussion, we affirm.

### The Settlement Appeal: Appeal No. 90–1576

This appeal concerns two orders of the bankruptcy court entered in the Chapter 11 bankruptcy case of Parr Elevator, Inc. (Parr). Both orders arose out of an adversary complaint filed by Parr and John Hancock Mutual Life Insurance Company (Hancock) seeking authority for Parr to sell Hancock a grain elevator free and clear of all liens. Named as a defendant was

---

1. For purposes of appellate jurisdiction, we treat the Settlement Determination Order and Settlement Approval Order in Appeal No. 90–1576 and the Sale Order in Appeal No. 90–3611 as final even though not set forth in a separate document because the bankruptcy court intend-ed to treat the orders as final, and none of the parties objected to the absence of separate documents. *See* Bankruptcy Rule 9021 (incorporating Fed.R.Civ.P. 58); *Matter of Behrens,* 900 F.2d 97, 99 (7th Cir.1990).

SMFC which claimed a mechanic's lien against the elevator. SMFC disputed Hancock's allegation in the complaint that its mortgage lien against the elevator had priority over SMFC's mechanic's lien.

The first order, styled "Memorandum Opinion and Order" and entered June 30, 1987 (the "Settlement Determination Order"), found that SMFC had settled its mechanic's lien claim with Hancock. The second order, styled "Order with Respect to Settlement of Mechanic's Lien Claim Asserted by Schultz Manufacturing and Fabricating Company, Inc.," and entered August 17, 1988 (the "Settlement Approval Order"), approved the settlement agreement, finding that it was in the best interests of Parr, SMFC and their creditors. The district court concluded that it had no jurisdiction to review the merits of these orders, *see In re Schultz Mfg. & Fabricating Co.*, 110 B.R. 384 (Bankr.N.D.Ind. 1990), and we agree.

■ The Schultzes' appeal of the Settlement Determination Order was untimely. As noted above, the bankruptcy court entered the Settlement Determination Order on June 30, 1987. Ten days later, on July 10, 1987, SMFC served a Fed.R.Civ.P. 59(e) motion to alter or amend the Settlement Determination Order. *See* Bankruptcy Rule 9023 (incorporating Fed.R.Civ.P. 59). By order entered on July 16, 1987, the bankruptcy court, using the date of filing rather than the date of service as the relevant date, mistakenly denied the motion as untimely. *See* Fed.R.Civ.P. 59(e) (motion to alter or amend judgment must be *served*, not filed, within ten days of entry of judgment) (emphasis added); *cf. Sinett Inc. v. Blairex Lab., Inc.*, 909 F.2d 253 (7th Cir.1990) (Fed.R.Civ.P. 59(b)); *Sadowski v. Bombardier Ltd.*, 527 F.2d 1132, 1135 (7th Cir.1975) (same). Despite this mistake, SMFC had ten days from the denial of its Rule 59(e) motion in which to appeal the Settlement Determination Order to the district court. *See* Bankruptcy Rule 8002 (incorporating Fed.R.App.P. 4/timely Rule 59(e) motion tolls running of ten-day period for bankruptcy appeals until entry of order disposing of motion). This it did not do.

Instead, SMFC filed a second Rule 59(e) motion to reconsider the July 16, 1987, order and a Rule 60(b) motion to reinstate the first Rule 59(e) motion based on "excusable neglect." By order entered on October 22, 1987, the bankruptcy court denied both motions. Undeterred, SMFC, on November 23, 1987, filed an "Application for Extension of Time for Filing of Notice of Appeal and to Allow Filing of Notice of Appeal Instanter." By order entered on December 29, 1987, the bankruptcy court denied the application because the Notice of Appeal was untimely and there was no showing of "excusable neglect" to warrant an extension of the appeals period. After this order, SMFC made no further request for relief and filed no appeal. While the Schultzes, as creditors and shareholders of SMFC, filed a Notice of Appeal from the December 29th order on January 9, 1989, this was more than one year after entry of the order and long past the ten-day appeals period for any of the 1987 orders. As a result, the district court was without jurisdiction to consider the merits of the Settlement Determination Order, and its dismissal of the Schultzes' appeal was proper.

■ On the other hand, the Schultzes' appeal of the Settlement Approval Order was timely. As noted above, the bankruptcy court entered the Settlement Approval Order on August 17, 1988. Within ten days of this order, on August 26, 1988, the Schultzes moved the bankruptcy court to reconsider its approval of the settlement agreement pursuant to Rule 59(e). On December 29, 1988, the bankruptcy court denied the motion. Thereafter, on January 9, 1989, the Schultzes noted an appeal from this denial to the district court. Since their notice of appeal fell within the ten-day period following the denial of the Rule 59(e) motion, *see* Bankruptcy Rules 8002 and 9006, it was timely filed and the Settlement Approval Order was properly before the district court unless there was some other obstacle to the exercise of jurisdiction by the district court.

■ We conclude that there was indeed another obstacle, one of standing to appeal. The record shows that on March 2, 1988,

the bankruptcy court held a hearing on whether to approve the settlement agreement. At the hearing, the Schultzes orally withdrew their objections to the agreement and expressly assented to its terms. The day after the hearing, the Schultzes moved to reinstate their objections, but the bankruptcy court denied the motion on the ground that the Schultzes unconditionally withdrew their objections to the agreement, and there was no evidence of fraud, duress, mutual mistake or undue influence in their so doing. We need not decide if this denial was proper, because only the Chapter 7 trustee of SMFC's bankrupt estate had standing to contest the Settlement Approval Order on behalf of the Schultzes in their capacity as unsecured creditors and shareholders of SMFC. *See Fox Valley AMC/Jeep, Inc. v. AM Credit Corp.*, 836 F.2d 366, 367–68 (7th Cir.1988); *Koch Ref. v. Farmers Union Cent. Exch. Inc.*, 831 F.2d 1339, 1342–43 (7th Cir.1987), *cert. denied*, 485 U.S. 906, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988); *Matter of Carbide Cutoff, Inc.*, 703 F.2d 259, 264 (7th Cir.1983); *Matter of Central Ice Cream Co.*, 62 B.R. 357, 359–60 (Bankr.N.D.Ill.1986), *aff'd in part, dismissed in part on other grounds*, 836 F.2d 1068 (7th Cir.1987).

We reject the Schultzes' argument that the bankruptcy court had no authority to enter the Settlement Determination and Approval Orders because The First Bank of Whiting held the beneficial interest in the property. As the appellees point out, it was Parr which held the beneficial interest in the property. The "Trust as Collateral Security" agreement merely gave the bank a collateral security interest in the property and not an absolute assignment of Parr's beneficial interest. *See In re Drewry*, 99 B.R. 906, 913 (Bankr. N.D.Ind.1989). As "sole and only beneficiary" under the trust, Parr held an equitable interest in the property under Indiana law, Ind.Code Ann. § 30–4–2–7(a) (West 1979 & Cum.Supp.1991); *Tait v. Anderson Banking Co.*, 171 F.Supp. 3 (S.D.Ind.1959); *Colbo v. Buyer*, 235 Ind. 518, 134 N.E.2d 45 (1956), and this interest constituted "property of the estate" within the meaning of 11 U.S.C. § 541(a)(1), *see*

*Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979); *Koch Ref.*, 831 F.2d at 1343. The bankruptcy court accordingly had jurisdiction pursuant to 28 U.S.C. § 1334(d) and the district court's order of reference under 28 U.S.C. § 157.

The Sale Order Appeal:<br>Appeal No. 90–3611

This appeal concerns the May 24, 1990, order of the bankruptcy court entered in Parr's Chapter 11 bankruptcy case and styled "Order of Sale and Transfer of Property from Parr Elevator, Inc. and Bank of Whiting, Trustee under a Trust Agreement dated June 1, 1982, and known as Trust No. 1707, as Vendors, to John Hancock Mutual Life Insurance Company, as Vendee" (the "Sale Order"). This order authorized Parr to sell the elevator to Hancock free and clear of all liens and implemented the terms of the settlement agreement between Hancock and SMFC. The district court concluded that the Schultzes had no standing to appeal the Sale Order, and we agree.

Only a "person aggrieved" has standing to appeal an order of the bankruptcy court. *Matter of UNR Indus., Inc.*, 725 F.2d 1111, 1120 (7th Cir.1984); *Matter of Carbide Cutoff, Inc.*, 703 F.2d 259, 264 (7th Cir.1983); *Unsecured Creditors Comm. v. Leavitt Structural Tubing Co.*, 55 B.R. 710, 711 (Bankr.N.D.Ill.1985), *aff'd without opinion*, 796 F.2d 477 (7th Cir. 1986). Prerequisites for being a "person aggrieved" are attendance and objection at a bankruptcy court proceeding. *In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1334–35 (9th Cir.1985). These prerequisites, however, are excused "if the objecting party did not receive proper notice of the proceedings below and of his opportunity to object to the action proposed to be taken. In that case, the requirements of due process outweigh those of judicial efficiency and certainty." *Id.* at 1335 (quoting R. Levin, *Bankruptcy Appeals*, 58 N.C.L.Rev. 967, 978 (1980)).

■ Under this rule the Schultzes lacked standing to appeal the Sale Order. The record shows that on April 3, 1990, Mr. Schultz, on behalf of himself and his wife, attended a status conference in Parr's bankruptcy proceeding. At the conference, the bankruptcy court indicated its intention to hold a full hearing at a later date on all remaining issues, including Parr's request for authority to sell its elevator to Hancock. By order entered on April 5, 1990, the bankruptcy court set a hearing date of May 24, 1990, and directed the parties to file pretrial statements. The Schultzes responded by filing a "Pre–Trial Statement" on April 16, 1990. Thereafter, on May 15, 1990, they filed a "Notice of Divested Jurisdiction," alleging that the bankruptcy court had no jurisdiction to authorize the sale of the elevator due to the pendency of the Settlement Appeal. On May 24, 1990, the bankruptcy court held the hearing as scheduled, after which it authorized the sale of the elevator to Hancock. The Schultzes did not enter an appearance, and their failure to do so and present their objections to the bankruptcy court after receiving proper notice of the hearing precluded them from appealing the Sale Order to the district court. Even now, the Schultzes have offered no reason why they could not attend the hearing. As the district court noted, the fact that the bankruptcy court may have limited Mr. Schultz's participation at the April 3, 1990, status conference did not prevent him from presenting his arguments at the hearing on May 24, 1990.

■ We reject the Schultzes' argument that the bankruptcy court was without jurisdiction to enter the Sale Order due to the pendency of the Settlement Appeal. "A pending appeal of a bankruptcy decision does not deprive the bankruptcy court of jurisdiction over issues not involved in the appeal." *Matter of Commodore Corp.*, 86 B.R. 564, 567 (Bankr.N.D.Ind.1988). The Settlement Appeal contested the bankruptcy court's findings that SMFC settled its mechanic's lien claim and that this settlement was in SMFC's best interests. The Sale Order did not address these issues; it merely authorized the sale of the elevator during the appeals process. *See id.* at 568. In addition, the Sale Order contained an express provision for accommodating the pending Settlement Appeal by permitting a return to the status quo if the Schultzes succeeded in their appeal.

■ We also reject the Schultzes' argument that if the Settlement Determination Order and the Settlement Approval Order were final orders, the bankruptcy judge could not have entered the Sale Order because "[t]here could not [have] been any issue or matter [left] before the [Bankruptcy] Court even if [it] had jurisdiction." The Settlement Approval Order, which incorporated and approved the Settlement Determination Order, was not a final order. Rather, it was an interlocutory order which the bankruptcy court certified as final to permit an immediate appeal. *See* Bankruptcy Rule 7054 (adopting Fed.R.Civ.P. 54(b)).

### The Qualification Appeal: Appeal No. 90–3657

This appeal concerns the April 16 and 30, 1990, orders of the bankruptcy court, entered in SMFC's Chapter 7 bankruptcy case, denying the Schultzes' motion for the removal of Margret G. Robb as standing trustee. The district court upheld the denial, and so do we.

■ The Schultzes first contend that there was "cause" to remove Ms. Robb as trustee pursuant to 11 U.S.C. § 324(a) because she was not properly qualified as required by 11 U.S.C. § 322. Section 322(a) provides that a trustee qualifies in a case by filing with the bankruptcy court a bond in favor of the government conditioned on the faithful performance of official duties. The trustee must file the bond within five days after selection and before beginning her official duties. Section 322(b) requires the bankruptcy court to determine the amount of the bond and the sufficiency of the surety on the bond. Bankruptcy Rule 2010(a) gives the bankruptcy court the authority to approve a blanket bond. Bankruptcy Rule 2008 provides that a trustee who files a blanket bond after being select-

ed as trustee in a Chapter 7 case and who fails to notify the bankruptcy court in writing of her rejection of the office within five days after receipt of notice of selection is deemed to have accepted the office.

The record reveals that on September 23, 1987, the bankruptcy court converted the bankruptcy case of SMFC from a Chapter 11 voluntary reorganization to a Chapter 7 liquidation and appointed Ms. Robb to serve as interim trustee, as required by 11 U.S.C. § 701(a). Upon her appointment, Ms. Robb filed a blanket bond issued by the Hartford Insurance Company in the amount of $1,000,000. By order entered on the same day as the conversion, the bankruptcy court approved Ms. Robb's blanket bond. It also notified Ms. Robb that if she did not reject the appointment within five days of the date of the order, she would be deemed to have accepted the appointment pursuant to Bankruptcy Rule 2008. Ms. Robb did not reject the appointment. Thus, she was properly qualified and appointed as trustee.

██ The Schultzes next contend that Ms. Robb was not continuously bonded because an endorsement to her blanket bond changed the bond number from 360028 to 4545046. The language of the endorsement expressly stated that it changed only the number of the bond and that the bond conditions and terms remained the same. The Schultzes were unable to show that the change in the bond number caused a lapse in Ms. Robb's coverage or otherwise disqualified her from serving as trustee.

██ To the extent the Schultzes contend that Ms. Robb's failure "to disclose information and inform creditors in regard to their rights and the value of assets" established "cause" under § 324(a), their contention is conclusory and unsupported by specific facts. As such, it constitutes insufficient grounds for the removal of Ms. Robb as standing trustee. *See In re Baker*, 38 B.R. 705, 709 (Bankr.D.Md.1983).

**2.** This Court, upon its own motion, consolidated Appeal No. 91–2519 with Nos. 90–1576, 90–3611

Confirmation Order Appeal:
Appeal No. 91–2519

██ This appeal concerns the January 2, 1991, order of the bankruptcy court confirming Parr's Chapter 11 bankruptcy plan.[2] The district court dismissed the appeal for lack of standing, and we agree. Neither Mr. Schultz nor his wife was a creditor of Parr. Their bankrupt company, SMFC, was a creditor, but only Ms. Robb, the trustee in its Chapter 7 case, had standing to object to the confirmation of Parr's plan on behalf of SMFC. *See* 11 U.S.C. § 704; Bankruptcy Rule 6009; *Koch Ref.*, 831 F.2d at 1342–43; *Carbide Cutoff, Inc.*, 703 F.2d at 264.

The Schultzes' efforts to object to the plan and its confirmation in their capacity as shareholders of SMFC must fail because they had no derivative right to object on behalf of the estate of their bankrupt company. *See In re Interpictures, Inc.*, 86 B.R. 24, 28 (Bankr.E.D.N.Y.1988). That right rested exclusively with Ms. Robb, the standing trustee, *see Fox Valley AMC/ Jeep, Inc.*, 836 F.2d at 367–68; *Koch Ref.*, 831 F.2d at 1343; *Central Ice Cream Co.*, 62 B.R. at 359–60, and she refused to make an objection because she concluded it was not in the best interests of SMFC.

The judgments of the district court in Appeal Nos. 90–1576, 90–3611, 90–3657 and 91–2519 are affirmed. The "Motion for Priority, Consideration and Final Decision" and the "Motion to Strike" are denied as moot.

AFFIRMED.

██

and 90–3657. *See* Fed.R.App.P. 3(b).