# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 08-6012

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Johnny Walton, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Johnny Walton, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Eastern |
| v. | * | District of Missouri |
| | * | |
| David A. Sosne, Trustee, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: July 2, 2008
Filed: August 4, 2008

_____

Before KRESSEL, Chief Judge, FEDERMAN and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

This case involves an appeal from the bankruptcy court's order sustaining the Chapter 7 Trustee's objection to the Debtor's exemption of an Individual Retirement Account. Before the bankruptcy court, the Debtor failed to respond to the Trustee's

1

objection to his exemptions and, after the order sustaining the Trustee's objection was entered, the Debtor did not ask the bankruptcy court to reconsider that decision. Instead, the Debtor filed this appeal.

The Trustee seeks to dismiss this appeal on the grounds that the Debtor lacks standing to pursue the appeal. According to the Trustee, the Debtor is not a "person aggrieved" with standing to appeal the bankruptcy court's order because he did not respond to, or otherwise defend against, the Trustee's objection.[1]

Although there are cases in other jurisdictions applying the "person aggrieved" standard in this way, we opt for a more practical application of the concept that focuses impact of the judgment on the appealing party's interests rather than on the party's participation in the underlying proceedings.[2] In this case, the bankruptcy court's order sustaining the Trustee's objection to the Debtor's claim of exemption in his IRA had a direct and adverse effect on the Debtor's pecuniary interests. Therefore, we find that the Debtor is a person aggrieved with standing to appeal the bankruptcy court's order sustaining the Trustee's objection, and the Trustee's motion to dismiss will be denied.

The Debtor's failure to participate in the underlying proceeding does, however, raise a different, insurmountable hurdle for the Debtor in this appeal. The Eighth Circuit's Local Rule of Appellate Procedure 47A authorizes the *sua sponte* summary disposition of an appeal if it is entirely without merit.[3] And the record before us

---

[1] *See In re Shultz Manufacturing Fabricating Co.*, 956 F.2d 686, 690 (7th Cir. 1992); *In re Commercial Western Finance Corp.*, 761 F2d 1329 (9th Cir. 1985).

[2] *See In re Zahn*, 526 F.3d 1140 (8th Cir. 2008).

[3] Rule 47A applies here pursuant to L.R. B.A.P. 8th Cir. 8001A(b)(4), which provides:

supports a determination that this appeal is entirely without merit because the debtor seeks to raise issues that were never presented to the bankruptcy court for consideration and ruling. Therefore, we affirm the decision of the bankruptcy court sustaining the Trustee's objection to the Debtor's claim of an exemption in the IRA.[4]

## I.  STANDARD OF REVIEW

There are no issues to review in this appeal because the Debtor never responded to the Trustee's objection to his claim of exemption in the IRA.  As discussed below, we will not consider issues raised for the first time on appeal.

## II.  BACKGROUND

On May 10, 2007, the Chapter 7 trustee, David A. Sosne, objected to the Debtor's claim of an exemption in an IRA on the grounds that the Debtor had valued the exemption at $0.00 and that the Debtor was not entitled to claim an exemption under the statute cited by the Debtor, namely 11 U.S.C. § 522(d)(12).

On May 22, 2007, the Debtor filed an amended "Schedule C – Property Claimed as Exempt" to state that the value of the exemption in the IRA was $75,000. The Debtor did not, however, change the asserted statutory basis for his claim of exemption; he still claimed that the IRA was exempt under 11 U.S.C. § 522(d)(12).

---

**(4) Other Applicable Rules**. When Part VIII of the Federal Rules of Bankruptcy Procedure and these Rules are silent as to a particular matter of practice, the court may order application of the Federal Rules of Appellate Procedure or the Local Rules of the United States Court of Appeals for the Eighth Circuit.

[4] The Honorable David P. McDonald, United States Bankruptcy Judge for the Eastern District of Missouri.

On May 29, 2007, the Trustee filed an objection to the Debtor's amended claim of exemptions, arguing again that the Debtor was not entitled to claim the IRA exempt under § 522(d)(12). Prior to the hearing set on July 30, 2007 to address the Trustee's second objection, the Debtor further amended his Schedule C on July 12, 2007, to claim the IRA exempt under Mo. Rev. Stat. § 513.430(10)(f).

After obtaining several extensions of time within which to object to the Debtor's latest amended claim of exemption, the Trustee filed two documents with the bankruptcy court: 1) an objection to the Debtor's (second) amended claim of exemption in the IRA, and 2) a notice that responses to the motion were due by March 17, 2008, and that a hearing on the objection would be held on March 24, 2008, at 10:00 a.m. The notice stated in boldface type: "**Failure to file a timely response may result in the Court granting the relief requested prior to the hearing**."

The Trustee's objection was based on the fact that the IRA claimed as exempt was traceable to an IRA inherited by the Debtor from his mother. The Debtor's mother died in February 2004. An IRA that she owned was divided equally between the Debtor and his sister. Apparently because an inherited IRA cannot be converted into a traditional IRA, the Debtor first transferred the inherited IRA into a variable annuity contract and then, less than a year before filing bankruptcy, into a traditional IRA. The Trustee argued that the IRA could not be exempted under § 513.430.1(10)(f) because of the transfer from the annuity into the traditional IRA within one year of the bankruptcy filing.

The Debtor did not file a response to the Trustee's objection. Consequently, on March 19, 2008, the bankruptcy court entered an order sustaining the Trustee's objection and denying the Debtor's claim of exemption in the IRA. The Debtor did not seek the reconsideration or the vacation of that order; instead, he filed a notice of appeal. Notably, the Debtor has not alleged – in the notice of appeal or in his response to the Trustee's motion to dismiss this appeal – that he did not receive

4

notice of the Trustee's objection or of the hearing date. He simply failed to respond, and now he seeks to raise defenses to the Trustee's objection for the first time in this appeal.

## II. DISCUSSION

As noted above, the Debtor's failure to respond to the Trustee's objection to the Debtor's second amended claim of exemption precludes him from raising any issues on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); *Kosulandich v. Survival Technology, Inc.*, 997 F.2d 431, 433 (8th Cir. 1993) ("Notwithstanding the dubious validity of these claims, we will not address them head-on for the first time on appeal."); *Seniority Research Group v. Chrysler Motor Corp.*, 976 F.2d 1185, 1187 (8th Cir. 1992) ("Normally, a party may not raise an issue for the first time on appeal as a basis for reversal....There are exceptions, as where the obvious result of following the rule would be a plain miscarriage of justice or would be inconsistent with substantial justice." (citing *Kelley v. Crunk*, 713 F.2d 426 (8th Cir. 1983)).

While the result we reach may be harsh, it is dictated by well-established law and consistent with substantial justice. This is not a case where the Debtor was taken by surprise. The Trustee had twice objected to the Debtor's claimed exemptions, and the Debtor had twice amended his exemptions in response to those objections. The third objection, which was granted without opposition from the Debtor, was a thorough, six-page objection that discussed in ample detail the factual and legal grounds for the Trustee's position. The Debtor and his counsel were fully apprised of the Trustee's arguments, yet they chose not to respond. It is not a miscarriage of justice to hold the Debtor to the consequences of not complying with well-established rules and clearly stated deadlines.

5

## IV. CONCLUSION

For the reasons stated above, we deny the Trustee's motion to dismiss this appeal, and we affirm the decision of the bankruptcy court sustaining the Trustee's objection to the Debtor's claim of an exemption in his Individual Retirement Account.

———————————