## STEVEN RUSSELL *vs.* PRIDE CONVENIENCE, INC.

No. 93-P-256.

Hampden. March 22, 1994. - October 20, 1994.

Present: PERRETTA, DREBEN, & IRELAND, JJ.

*Rules of Civil Procedure. Practice, Civil,* Judgment notwithstanding ver-
dict. *Negligence,* One owning or controlling real estate, Snow and ice.
*Snow and Ice.*

A civil defendant's motion for judgment notwithstanding the verdict,
  Mass.R.Civ.P. 50 (b), mailed to the plaintiff and the court on the tenth
  day after entry of the judgment on the jury's verdict and filed the fol-
  lowing day, was timely brought, where it was timely served under
  Mass.R.Civ.P. 5 (b) ("Service . . . is complete upon mailing"), and
  thereafter filed "within a reasonable time" as provided in
  Mass.R.Civ.P. 5 (d) (1), as amended, 404 Mass. 1402 (1989). [502-
  506]
The judge in a civil action correctly allowed the defendant's motion for
  judgment notwithstanding the verdict where there was insufficient evi-
  dence to show that the defendant had failed to remove an unnatural
  accumulation of snow and ice. [506-507]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 25, 1990.

The case was tried before *William H. Welch,* J.

*Patricia Bobba Donovan* for the plaintiff.

*Joseph B. Bertrand* for the defendant.

PERRETTA, J. In response to special questions, the jury
found that the defendant had operated its store negligently so
as to cause the plaintiff to slip and fall on an unnatural ac-
cumulation of snow and ice. Thereafter, the trial judge al-
lowed the defendant's motion for judgment notwithstanding
the verdict. The defendant had mailed that motion to the
plaintiff and the court on the tenth day after entry of the
judgment on the jury's verdict. The plaintiff argues on appeal
that, because the motion was not filed in court until the elev-

enth day after entry of the judgment, it was not timely under Mass.R.Civ.P. 50(b), 365 Mass. 814-815 (1974), and that, if timely, it was erroneously allowed.[1] Concluding that the motion was timely brought under rule 50(b) and that there was insufficient evidence to show that the defendant had failed to remove an unnatural accumulation of snow and ice, we affirm the judgment.[2]

That portion of rule 50(b) that is pertinent to the plaintiff's argument reads: "Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may *move* to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict . . . . A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative" (emphasis supplied).

It is the plaintiff's position that, as used in rule 50(b), the word "move" speaks to filing as well as service, whereas the defendant argues that the motion is timely if served within ten days and, as provided for by Mass.R.Civ.P. 5(d)(1), as amended, 404 Mass. 1402 (1989), thereafter filed. As here relevant, rule 5(d)(1) states that "all papers after the complaint required to be served upon a party shall be filed with the court either before service or *within a reasonable time thereafter*" (emphasis supplied).

In those instances where our rules of civil procedure correspond with their Federal analogues, it is appropriate to look to Federal decisions for interpretive guidance. See *Rollins Envtl. Servs., Inc.* v. *Superior Ct.,* 368 Mass. 174, 179-180

---

[1]The plaintiff does not dispute that the defendant timely served the motion upon him. See Mass.R.Civ.P. 5(b), 365 Mass. 745-746 (1974) ("Service by mail is complete upon mailing"). Filing of pleadings and other papers, however, "shall be made by filing them with the clerk of the court . . . ." Mass.R.Civ.P. 5(e), 365 Mass. 746 (1974).

[2]The trial judge's conclusion, that the motion had been filed timely, was made in reliance upon Mass.R.Civ.P. 6(a), 365 Mass. 747 (1974). By our count, however, and even with the benefit of the additional day provided by that rule, the motion was not filed until eleven days after entry of the judgment. Because our conclusion does not rest upon rule 6(a), we need not consider the applicability of rule 6(b) and (d), 365 Mass. 747-748 (1974), to the circumstances of this case.

(1975); *Chavoor* v. *Lewis*, 383 Mass. 801, 806 n.5 (1981). When adopted in 1974, the language of rule 50(b) was identical to the Federal rule as it appeared up to December 1, 1991, the effective date of a substantial change in the rule.[3]

There are Federal decisions construing rule 50(b) prior to its amendment that the plaintiff claims support his position. For example, in *Hahn* v. *Becker*, 551 F.2d 741, 745 (7th Cir. 1977), the motion was filed on the eighth day but not served until the twenty-second day after entry of the judgment. The court concluded, in reliance upon rule 5(d), that, to be timely, a motion made under rule 50(b) had to be filed within ten days and served within a reasonable time thereafter. Because the motion had been filed within ten days of entry of the judgment, the only issue before the Seventh Circuit was whether the motion also had to be served within the ten-day period. The court's analysis of the question before it shows that its response was premised upon an unchallenged assumption that the motion had to be filed within ten days. Consequently, the decision provides no reasoning by which we might be guided in answering the question put to us: does rule 50(b) require the motion to be *filed* within ten days after entry of the judgment?[4]

---

[3]As amended in 1991, Federal rule 50(b) refers to a "motion for a judgment as a matter of law," rather than to a motion for judgment notwithstanding the verdict, and provides that "[s]uch a motion may be renewed by service *and* filing not later than 10 days after entry of judgment" (emphasis supplied).

[4]As additional support for the proposition that a rule 50(b) motion must be filed within the ten-day period, the plaintiff also relies upon *McConnell* v. *United States*, 50 F.R.D. 499, 501 (E.D. Tenn. 1970), and *United States* v. *Valdosta/Lowndes County Hosp. Authy.*, 91 F.R.D. 521, 523 (M.D. Ga. 1981). However, in *Wilson Sporting Goods Co.* v. *David Geoffrey & Assocs.*, 904 F.2d 677, 682 (Fed. Cir. 1990), these district court decisions were found lacking in persuasion for the following reasons: "Each case relied heavily on a statement by the Supreme Court in *Johnson* v. *New York, N.H. & H.R. Co.*, 344 U.S. 48, 73 S. Ct. 125, 97 L.Ed. 77 (1952), that a 'motion for judgment notwithstanding the verdict [must be] made *in the trial court* within ten days.' *Id.* at 50, 73 S. Ct. at 127 (our emphasis). The district courts' analyses, however, focused on the language in *Johnson* without due regard to the context in which it was written. The issue in *Johnson* was not the timeliness of any motion, but whether a mo-

The precise question before us was considered in *Wilson Sporting Goods Co.* v. *David Geoffrey & Assocs.*, 904 F.2d 677, 682 (Fed. Cir. 1990), where, as here, the motion was served on the tenth day after entry of the judgment and filed the following day. In concluding that the motion had been made timely, the court compared the language of rule 50(b) with that used in rule 52(b), which requires that a motion to amend findings be "*made* not later than ten days after entry of judgment," and rule 59(b), which states that a motion for new trial "shall be *served* not later than ten days after entry of the judgment" (emphasis supplied).

Looking to the notes of the advisory committee on the 1963 amendments to the Federal Rules of Civil Procedure, the court noted that the advisory committee notes to rule 50 stated that the time limit for rule 50(b) was consistent with that set out in rules 52(b) and 59(b). The court also observed that in *Keohane* v. *Swarco, Inc.*, 320 F.2d 429, 432 (6th Cir. 1963), the court did not consider the advisory committee notes and, instead, relied upon rule 5(d) in concluding that the date of service was the decisive date for a timely motion under rule 52(b). The Federal Circuit agreed with the Sixth Circuit reasoning in *Keohane* and stated, 904 F.2d at 682:

> "We find this analysis persuasive and find no reason why a motion for JNOV under Rule 50(b), which contains language similar to Rule 52(b), should receive different treatment. Moreover, if we were to hold that a motion for JNOV must be *filed* within 10 days of the court's entry of judgment, the result would be that a motion for JNOV/new trial — which Rules 50 and 59 expressly allow — could be untimely insofar as it requested JNOV but timely insofar as it alternatively requested a new trial. This result has been roundly criticized by the commentators and, as we have said, the

tion to 'set aside the jury verdict' could be treated as if it were a motion for JNOV. *Id.* at 52, 73 S. Ct. at 128. Since the Supreme Court seldom decides an issue not expressly before it, the dictum in *Johnson* is not helpful . . . ."

Advisory Committee on the Rules. See, e.g., 9 C. Wright & A. Miller, Federal Practice & Procedure § 2537 at 602 (1971)." (Emphasis in original.)

Rule 59(b) of the Mass.R.Civ.P. tracks its Federal counterpart verbatim, see 365 Mass. 827 (1974), and, with guidance from Federal decisions, has been construed as requiring that the motion for new trial be served within ten days of the entry of judgment. See *Albano* v. *Bonanza Intl. Dev. Co.,* 5 Mass. App. Ct. 692, 693-694 (1977). See also Mass.R.Civ.P. 59(e), 365 Mass. 827 (1974); *Arthur D. Little, Inc.* v. *East Cambridge Sav. Bank,* 35 Mass. App. Ct. 734, 742-743 & n.7 (1994). In light of the lack of persuasive support for the plaintiff's construction of rule 50(b) and in view of the fact that the requirements of the various rules concerning the filing and service of postjudgment motions can achieve a consistent result when read with rule 5(d)(1), we conclude that a motion under rule 50(b) must be served within ten days after entry of the judgment and filed, at the latest, within a reasonable time thereafter. Because one day cannot be viewed as an unreasonable amount of time, we also conclude that the defendant's motion, served on the tenth day and filed the next, was timely made.

Turning to the merits of the motion, "we consider the evidence most favorable to the plaintiff, *Afienko* v. *Harvard Club of Boston,* 365 Mass. 320, 326 (1974), and inquire whether upon any reasonable view of the evidence, there is a combination of facts from which a rational inference may be drawn in the plaintiff's favor." *Sullivan* v. *Brookline,* 416 Mass. 825, 826 (1994). There is no need to set out the evidence in detail. It is enough to state that the facts of the case are so similar to those presented in *Barry* v. *Beverly Enterprises-Mass., Inc.,* 418 Mass. 590 (1994), that the conclusion must also be the same, that is, that the "jury could not reasonably have inferred that the defendant violated its duty of reasonable care by failing to remove the ice or to warn the plaintiff of a potential hazard." *Id.* at 594. See also *Collins*

v. *Collins*, 301 Mass. 151, 152 (1938); *Aylward* v. *McCloskey*, 412 Mass. 77, 80-81 (1992).

*Judgment affirmed.*