F.W. Webb Company *vs.* Melvin E. Averett.

Worcester. April 3, 1996. - May 8, 1996.

Present: Liacos, C.J., Wilkins, Lynch, O'Connor, & Greaney, JJ.

*Rules of the Superior Court. Practice, Civil,* Judgment notwithstanding verdict, New trial.

A defendant in a civil action who filed an application pursuant to the specific provisions of Superior Court Rule 26 for a hearing on his motion for a new trial, was entitled to such a hearing and the general provisions of Rule 9A were not applicable to such a motion for a new trial [626-629]; further, where the defendant had joined a motion for judgment notwithstanding the verdict with his motion for a new trial he was entitled to be heard on that motion as well [629].

In the circumstances of a civil case, the defendant met the particularity requirement of Mass. R. Civ. P. 7 (b) (1) with respect to the grounds asserted in support of his motions for a new trial and for judgment notwithstanding the verdict. [629-630]

Civil action commenced in the Fitchburg Division of the District Court Department on February 27, 1991.

On removal to the Superior Court Department the case was tried before *James P. Donohue,* J., and posttrial motions were heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Donald A. Macksey* for the defendant.

*Brian F. Donovan* for the plaintiff.

Greaney, J. We transferred this case to this court on our own motion to decide whether the defendant, Melvin E. Averett, was entitled to a hearing on his posttrial motions for judgment notwithstanding the verdict, Mass. R. Civ. P. 50 (b), 365 Mass. 814 (1974), and for a new trial, Mass. R. Civ. P. 59, 365 Mass. 827 (1974). The defendant requested a hearing, and the trial judge denied the motions without a hearing. In deciding the issue, we are called on to examine Rule 9A of the Rules of the Superior Court (1996), which provides for

hearings on motions only in certain limited circumstances, and Rule 26 of the Rules of the Superior Court (1996), which provides for a hearing on a motion for a new trial when requested. We conclude that the defendant was entitled to a hearing on his posttrial motions. Accordingly, we vacate the orders denying the motions and remand the matter for further proceedings in the Superior Court.        :

The background of the case is as follows. Following a jury trial in the Superior Court, judgment was entered against the defendant in the amount of $43,293.92, on the contract claim brought by the plaintiff, F.W. Webb Company. The defendant's counsel timely sent to the clerk's office for filing motions for judgment notwithstanding the verdict and for a new trial pursuant to Mass. R. Civ. P. 50 (b) and 59, respectively. The clerk returned the motions to the defendant's counsel because the defendant's counsel had not complied with the service and filing requirements of rule 9A.[1] After discussing the situation with the clerk, counsel filed a motion requesting leave to file his posttrial motions without complying with rule 9A. That motion was allowed, and the defendant's motions were accepted and docketed.

After the motions were accepted, the defendant filed an application pursuant to rule 26 for a hearing on the motions. The plaintiff, in accordance with rule 9A, filed a memorandum in opposition to the motions. The motions were thereafter denied by the trial judge without a hearing, and the defendant appealed.[2]

1. There is no express requirement in either Mass. R. Civ. P. 50 (b), or Mass. R. Civ. P. 59, that the judge grant a request for hearing in connection with posttrial motions for judgment notwithstanding the verdict or for a new trial in the

---

[1]Rule 9A of the Rules of the Superior Court (1996) requires a moving party to serve a motion on a nonmoving party and accept service of a nonmoving party's opposition thereto before any papers are filed with a clerk of the Superior Court. Under the rule's service and filing requirements, which also provide for service of cross motions and motions to strike, and responses thereto prior to filing, a considerable period of time could elapse from the date of service to the date of filing.

[2]The defendant also appealed from the underlying judgment, but he makes no argument in his brief concerning the judgment. This aspect of the appeal is deemed waived.

circumstances before us.[3] However, rule 26, adopted in 1974, reads, in pertinent part, as follows: "A motion for a new trial shall specify the grounds thereof. Unless within ten days after the filing of a motion for a new trial application is made to the presiding justice for a hearing, he may act thereon without a hearing."

Rule 9A was adopted on July 21, 1988. Rule 9A, which is lengthy, creates a procedure for the disposition of motions within its scope based solely on the papers, which usually consist of the motion, any opposition thereto, and any supporting legal memoranda. Paragraph (c) of rule 9A, set forth below,[4] provides that, on a motion governed by the rule, the parties do not have a right to a hearing, a request for a hearing presents a matter of discretion for the motion judge, and that there is a presumptive right to a hearing on certain enumerated motions when a hearing is requested in timely fashion. Paragraph (d) of rule 9A states: "Motions which are

---

[3]An opportunity to be heard is required by Mass. R. Civ. P. 59 (d), 365 Mass. 827 (1974), only when the judge decides to grant a new trial for a reason not stated in the motion.

[4]"(c) Hearings on Motions.

"(1) *Marking.* No party shall mark any motion for hearing. In the event that the court believes that a hearing is necessary or helpful to a disposition of the motion, the court will set the time and date for the hearing and will notify the parties of that date and time.

"(2) *Request for Hearing.* A request for a hearing shall set forth any statute or rule of court which, in the judgment of the submitting party, requires a hearing on the motion. After reviewing the motion, opposition and request for hearing, the court will decide whether a hearing should be held and, if a hearing is to be held, will notify the parties in accordance with Paragraph (c)(1) hereof. Failure to request a hearing shall be deemed a waiver of any right to a hearing afforded by statute or court rule.

"(3) *Presumptive Right to a Hearing.* Requests for hearings on the following motions will ordinarily be allowed. Attachments (Rule 4.1), Trustee Process (Rule 4.2), Dismiss (Rule 12), Adopt Master's Report (Rule 53), Summary Judgment (Rule 56), Injunctions (Rule 65), Receivers (Rule 66), Lis Pendens (G. L. c. 184, § 15). Denial of a request for hearing on such motions will be accompanied by a written statement of reasons for the denial."

not set down for hearing in accordance with Paragraph (c) hereof will be decided on the papers filed in accordance with this rule." Paragraph (e) of rule 9A exempts from the rule ex parte and emergency motions, motions for reconsideration (which are separately governed by Rule 9D of the Rules of the Superior Court [1996]), and motions excepted by administrative order. Rule 9A concerns "[m]otions and [i]nterlocutory [m]atters," and the only motions to which its provisions refer explicitly are pretrial motions. See rule 9A (c)(3), note 4, *supra*. The rule was enacted to conserve judicial resources by discontinuing regular motion sessions in the Superior Court. Those sessions dealt mainly with pretrial motions and were presided over by different judges often assigned on a rotating basis. Motions for judgment notwithstanding the verdict and for a new trial are specifically reserved for decision to the trial judge and, as a consequence, would not have been addressed in the regular motion sessions.

Rule 26 is quite specific in allowing a hearing in connection with a motion for a new trial when a proper request is made. Commentators on the rules of civil procedure have observed in connection with a motion for new trial under Mass. R. Civ. P. 59, that "Massachusetts has . . . traditionally recognized the right to a hearing [on a rule 59 motion] except in nonjury cases where the ground is that the finding is against the weight of the evidence. There is no reason why this pre-Rules practice should not continue, and Superior Court Rule 26 seems to formalize it, at least for that court" (footnotes omitted). J.W. Smith & H.B. Zobel, Rules Practice § 59.13 (1977). See *Parker* v. *Lewis J. Bird Co.*, 221 Mass. 422, 425 (1915). See also J.R. Nolan, Civil Practice § 856, at 104 (1992) ("In jury cases, after a motion for new trial has been filed, the adverse party, and, inferentially the moving party, have a right to a hearing upon the motion").

The plaintiff contends that, with the adoption of rule 9A, which by its terms would appear to govern procedure for all motions filed in cases in the Superior Court, rule 26 was impliedly repealed. We think the more reasonable approach, one consistent with long-standing practice in the courts of the Commonwealth as well as generally accepted canons of construction, is to view motions for a new trial, governed by the specific provisions of rule 26, as constituting an exception

to the general practice set forth in Rule 9A. Cf. *Boston Hous. Auth.* v. *Labor Relations Comm'n*, 398 Mass. 715, 718-719 (1986).[5]

While there is no Superior Court rule governing practice in connection with a motion for judgment notwithstanding the verdict, such a motion is usually joined with a motion for a new trial and both are decided together. In view of this fact, and the discussion above, we conclude that the defendant, who made a timely request for a hearing on his motion for new trial under rule 26, should have been afforded the opportunity to be heard on that motion and his motion for judgment notwithstanding the verdict before they were decided.

2. It is also suggested that the defendant's motions were properly denied without a hearing because they failed to assign "with particularity the grounds therefor" as required by Mass. R. Civ. P. 7 (b) (1), 365 Mass. 749 (1974). See also rule 26 ("[a] motion for new trial shall specify the grounds thereof"). The defendant's motion for a new trial assigned five common grounds for such a motion.[6] The defendant's motion for judgment notwithstanding the verdict assigned "the reasons . . . stated" in the defendant's motion for directed verdict filed at the close of all the evidence. The latter motion sets forth nine different grounds relating to evidence and issues at the trial, which need not be repeated here, with specificity. We presume, because the record does not demonstrate otherwise, that the defendant offered at trial additional

---

[5]The defendant contends that the service and filing requirements of rule 9A cannot be harmonized with those of Mass. R. Civ. P. 50 (b), 365 Mass. 814 (1974). That rule requires that a party "move" for judgment n.o.v. (or, in the alternative for a new trial) within ten days after entry of judgment. The Appeals Court recently construed this language (correctly, we think) as requiring service of a motion for judgment n.o.v. "within ten days after entry of the judgment and [filing], at the latest, within a reasonable time thereafter." *Russell* v. *Pride Convenience, Inc.*, 37 Mass. App. Ct. 502, 506 (1994). The Appeals Court has observed, with respect to Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), that a rule that requires service of a motion within ten days of entry of judgment, does not conflict with rule 9A. See *Arthur D. Little, Inc.* v. *East Cambridge Savs. Bank*, 35 Mass. App. Ct. 734, 743 (1994).

[6]The motion asserted that a new trial was necessary because the verdict was against the evidence, the weight of the evidence, and the law, because there was error in the admission of evidence which substantially affected the defendant, and because the damages were excessive.

oral support for his motion for directed verdict, which was presented at the close of the plaintiff's case and renewed at the close of all the evidence. The plaintiff and the judge, therefore, would be familiar with the defendant's precise contentions.[7] The grounds asserted would be sufficient, if the trial judge chose to allow either motion in the words used by the defendant's counsel, to constitute an adequate statement of the judge's reasons. See *Clapp* v. *Haynes,* 11 Mass. App. Ct. 895, 897 (1980). The defendant's counsel will be expected to support his motions at the hearing by a legal memorandum and any other material that may be pertinent to his arguments. We conclude that the particularity requirement of Mass. R. Civ. P. 7 (b)(1) has been met, and that the defendant should have been given a hearing on his motions.

The orders denying the defendant's motions for judgment notwithstanding the verdict and for a new trial are vacated. The motions are to be reconsidered after the defendant is given a hearing on the motions.

*So ordered.*

---

[7] If the purpose or ground for the defendant's motion for a directed verdict was not stated with sufficient particularity during the trial, the plaintiff had an obligation to object on that basis at that time. Failure to do so amounts to a waiver of the point. See *D'Annolfo* v. *Stoneham Hous. Auth.,* 375 Mass. 650, 655 n.5 (1978); *Soares* v. *Lakeville Baseball Camp, Inc.,* 369 Mass. 974, 975 (1976).