van Gestel, J.
This matter comes before the Court on motions by the various defendants for judgment notwithstanding the verdict or, in the alternative, for a new trial. The plaintiff has moved to strike the motions as being untimely. For the reasons stated below, the plaintiffs motion is ALLOWED and the defendants’ motions are stricken.
BACKGROUND
The docket herein reflects that judgment was entered thereon on July 24, 1998. The defendants’ motions for judgment notwithstanding the verdict or for new trial -were filed and docketed on August 17, 1998. The certificate of service on the defendants’ motions recites that they were served “by mail" on August 7, 1998.
Although the Court has no transcript of the proceedings, its memory and supporting notes suggest that on July 24, 1998, immediately after the jury was discharged, counsel for the Landy defendants orally stated her intention to move for judgment notwithstanding the verdict or for a new trial. This Court responded by suggesting that such a motion should be put in writing and duly submitted according to the rules.
DISCUSSION
The plaintiff, pointing to the plain language of Mass.R.Civ.P. Rules 50(b) and 59(b), argues that such motions must be served not later than ten days after the entry of judgment. This contention is a clear and accurate reading of the Rules. Thus, the Court must explore the question of when judgment was entered.
When the separate document that constitutes the judgment “is noted on tire court’s docket, the requirements of Rule 58(a) [for entry of judgment] will be considered met.” Lewis v. Emerson, 391 Mass. 517, 519-20 (1984). See Chittenden Trust Co. v. Levitt, 26 Mass.App.Ct. 208, 211 (1988). See, also, Smith and Zobel, Rules Practice, 8 Mass. Practice, Sec. 58.6.
“All motions under Rule 59, like the cognate motion under Rule 52(b), must be served (although not necessarily filed) no later than ten days after entry of the objectionable judgment. It is this strict deadline— which Rule 6(b) forbids the court to enlarge — which distinguishes the relief which Rules 52 and 59 afford from that available under Rule 60.” Smith and Zobel, Rules Practice, 8 Mass. Practice, Sec. 59.1, p. 441. *134 Likewise, “a motion under rule 50(b) must be served within ten days after entry of the judgment and filed, at the least, within a reasonable time thereafter.” Russell v. Pride Convenience, Inc., 37 Mass.App.Ct. 502, 506 (1994).
Mass.R.Civ.P. Rule 6(b) mandates that the Court “may not extend the time for taking any action under Rules 50(b) [and] 59(b) . . . except to the extent and under the conditions stated in them." There is nothing stated in either rule that permits this Court to extend the time for serving these motions beyond the ten-day period set out therein. That ten-day period in this case expired on August 3, 1998. See, the docket reflecting that the several judgments herein were entered thereon on July 24, 1998.
The oral statement of intention to move for judgment notwithstanding the verdict made by counsel for the Landy defendants following the jury verdict was insufficient to save th.e day. Superior Court Rule 26 requires that “[mjotions for judgment notwithstanding the verdict or for a new trial shall specify the grounds thereof.” This provision, when read together with Mass.R.Civ.P. Rule 7(b), dictates that these kinds of motions must be in writing and must state with particularity the grounds therefor. See, e.g., F.W. Webb Co. v. Averett, 422 Mass. 625, 629 (1996). Thus, the “motions” under consideration here are the written motions served on August 7, 1998, four days too late.
Consequently, the defendants’ motions cannot be acted upon by this Court and should, therefore, be stricken.
ORDER
For the reasons noted above, the defendants’ motions for judgment notwithstanding the verdict or, in the alternative, for a new trial are hereby stricken and no action shall be taken thereon.